963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Pablo DURAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-2177.
 United States Court of Appeals, Tenth Circuit.
 May 13, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff brought this action under 42 U.S.C. § 405(g) after the Secretary of Health and Human Services denied his application for Social Security disability benefits and supplemental security income benefits. Plaintiff alleges disability since November 1, 1986, due to back pain, depression, and drug addiction.
 
 
 3
 Plaintiff's request for benefits was denied initially and on reconsideration. After a hearing, the administrative law judge (ALJ) denied Plaintiff's application. Appellant's App. at 42-48. The Appeals Council denied review, and the district court affirmed the Secretary's decision. Plaintiff appeals, asserting (1) the ALJ was required to order a consultative psychological evaluation and (2) the decision of the Secretary was not based on substantial evidence. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 4
 We review the Secretary's decision "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). "We must determine whether the Secretary's decision of nondisability ... is supported by substantial evidence, i.e., ' "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." ' " Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988) (quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir.1983) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971))). In reviewing the Secretary's decision, we cannot weigh the evidence or substitute our discretion for that of the Secretary, but we have the duty to carefully consider the entire record and make our determination on the record as a whole. Dollar v. Bowen, 821 F.2d 530, 532 (10th Cir.1987).
 
 
 5
 The Secretary has established a five-step sequential evaluation process to determine if a claimant is disabled. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir.1988) (listing five steps); 20 C.F.R. §§ 404.1520, 416.920. If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir.1989). The burden of proof is on the claimant through step four; then it shifts to the Secretary. See id. at 710 (citing Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989)).
 
 
 6
 Plaintiff, a forty-nine year old man with a tenth grade education, claims disability since November 1, 1986, due to back pain, depression, and drug addiction. The medical evidence consisted of two informal "progress reports" dated 1988 and the consulting orthopedic surgeon's comprehensive report dated September 7, 1989. The ALJ determined at step five of the sequential evaluation process that Plaintiff had the residual functional capacity for light work and, applying the Medical-Vocational Guidelines,[1] concluded that "there are and have been jobs existing in significant numbers in the regional or national economies which [Plaintiff] could perform." Appellant's App. at 48.
 
 
 7
 Plaintiff asserts that the ALJ disregarded his duty to develop fully and fairly the record when he declined to order a consultative psychological evaluation based on Plaintiff's claim of depression. While the ALJ must consider all relevant medical evidence of record, Baker v. Bowen, 886 F.2d 289, 291 (10th Cir.1989), he has broad latitude in ordering a consultative examination. Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 778 (10th Cir.1990). Unless the claimant presents objective evidence supporting the conclusion that he suffers from depression, the ALJ is not required to order a consultative evaluation. Id.
 
 
 8
 Plaintiff's claim of disabling depression is based solely on notations made by an unidentified medical professional in 1988 of Plaintiff's own complaints of depression, and his mother's statement that he had been suicidal at times. Appellant's App. at 67, 68. At the hearing, however, Plaintiff did not allege that he was depressed, nor did he explain how his depression interfered with his ability to work. See 42 U.S.C. § 423(d)(1)(A) ("disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment"); accord Williams v. Bowen, 844 F.2d at 750; 20 C.F.R. §§ 404.1520(c), 416.920(c).
 
 
 9
 Plaintiff also asserts error in the ALJ's conclusion that his drug addiction was in remission, on the ground that the consulting orthopedic surgeon's report did not discuss any mental impairment. Yet Plaintiff did not allege that his drug addiction was not in remission. Plaintiff testified that he had been on Methadone for the past year. Appellant's App. at 58, 59. If prescribed treatment can restore Plaintiff's ability to work, he is not disabled. See Pacheco v. Sullivan, 931 F.2d at 697 (regulations require a recipient of disability benefits to follow prescribed treatment if the treatment can restore his or her ability to work, or benefits will cease). Accordingly, we determine that substantial evidence supported the ALJ's conclusion that Plaintiff's drug addiction did not affect significantly his residual functional capacity.
 
 
 10
 Plaintiff presented no objective evidence that he was depressed as of the hearing date or that his depression adversely affected his ability to work. Similarly, the evidence was uncontroverted that his drug addiction was in remission. Consequently, we cannot say the ALJ erred in refusing to order a consultative psychological examination. See Diaz v. Secretary of Health & Human Servs., 898 F.2d at 778. Cf. Hill v. Sullivan, 924 F.2d 972, 974-75 (10th Cir.1991) (evaluation required where record contained evidence of a mental impairment that allegedly prevented claimant from working).
 
 
 11
 Plaintiff also alleges the Secretary's decision was not based on substantial evidence because (1) the ALJ based his decision that Plaintiff could perform light work in part on a lack of medical evidence and (2) the ALJ disregarded the effect of Plaintiff's nonexertional impairments on his residual functional capacity. Appellant's Brief at 6-7.
 
 
 12
 We have carefully examined the record, including the ALJ's decision and a detailed and comprehensive opinion by the district court, and we cannot add significantly to the district court's analysis. We agree with the district court that substantial evidence supports the Secretary's decision that Plaintiff was not disabled within the meaning of the Social Security Act. We therefore affirm the district court's judgment for substantially the reasons set forth in its Memorandum Opinion and Order dated July 26, 1991.
 
 
 13
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 20 C.F.R. Part 404, Subpt. P, App. 2