**Robert J. PACHECO,**
**Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., United States Secretary of Health and Human Services, Defendant–Appellee.**

**No. 90–2265.**

United States Court of Appeals,
Tenth Circuit.

April 30, 1991.

---

Gary J. Martone, Albuquerque, N.M., for plaintiff-appellant.

William L. Lutz, U.S. Atty., Ronald F. Ross, Asst. U.S. Atty., D. New Mexico, Gayla Fuller, Chief Counsel, Region VI, Karen J. Sharp, Chief, Social Sec. Branch, and Joanna Tate, Asst. Regional Counsel, Office of the Gen. Counsel, U.S. Department of Health and Human Resources, Dallas, Tex., for defendant-appellee.

Before McKAY, SEYMOUR, and EBEL, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Robert J. Pacheco appeals the district court's order affirming the decision of the Secretary of Health and Human Services to terminate his Social Security disability insurance benefits. He argues that the district court should have remanded the action to the Secretary for a new hearing.

This court reviews the Secretary's decision to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards. *Bernal v. Bowen*, 851 F.2d 297, 302–03 (10th Cir.1988). Mr. Pacheco argues that the Secretary's finding that he had acquired a functional capacity for light work is not supported by substantial evidence. Mr. Pacheco also contends that the Secretary inappropriately relied on a psychiatric report. He complains that the report did not evaluate his ability to perform various functions and therefore could not be used to find that his mental impairment did not affect his capacity to perform light work.

## I.

Mr. Pacheco was found eligible for disability benefits on April 1, 1986. The Secretary found that Mr. Pacheco suffered from arthritis and a disabling back ailment

due to a work-related accident on February 18, 1981, and was entitled to disability benefits beginning June 1984. On February 16, 1989, an administrative law judge determined after an administrative hearing that Mr. Pacheco's condition had medically improved and that he became able to perform the full range of light work beginning January 1988. Based on this conclusion, the administrative law judge entered an order finding that Mr. Pacheco was not disabled. After the completion of the administrative proceedings, Mr. Pacheco submitted an additional medical evaluation by Dr. Barry Hillmer, M.D., dated October 2, 1989. The Appeals Council found that this report supported the administrative law judge's findings and therefore denied Mr. Pacheco's application for review on July 25, 1989. The Secretary's decision was subsequently upheld by the district court.

Mr. Pacheco takes exception with only the last stage of the evaluation process, where the Secretary found that he can perform other work in the national economy. *See* 20 C.F.R. §§ 404.1594, 416.920. He complains that the Secretary's conclusion is not supported by substantial evidence.

■ Substantial evidence is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the Secretary. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Potter v. Secretary of Health and Human Servs.,* 905 F.2d 1346, 1348 (10th Cir.1990). A decision is not supported by substantial evidence if there is overwhelming evidence to the contrary or if there is only a mere scintilla of evidence to support it. *Turner v. Heckler,* 754 F.2d 326, 328 (10th Cir.1985).

## II.

Mr. Pacheco differs with the Secretary's finding that he could perform light work.

The dispute centers on the following statement by Dr. Hillmer, a physician who examined Mr. Pacheco on October 2, 1989:

This man has enough problems, with particularly his knee and his low back, that I do not think he can successfully do heavy work. Theoretically he could do light work, but with his ninth grade education, the practical possibilities for this are unlikely. At this point, before he can do anything, he needs to have the torn portion of the medial meniscus of the right knee removed and then be put on a strengthening program.

App. at 96. Dr. Hillmer's evaluation was performed subsequent to the hearing before the administrative law judge and the results were submitted to the Appeals Council only. In its letter to Mr. Pacheco dated October 2, 1989, the Appeals Council relied on Dr. Hillmer's conclusion, along with other evidence of record, to find that Mr. Pacheco possesses the functional capacity to perform light work activity.

Mr. Pacheco emphasizes here Dr. Hillmer's belief that knee surgery is required before Mr. Pacheco could perform any work. He complains that until surgery is performed and his knee is rehabilitated, he is still disabled. Citing section 404.1530(a) of the Secretary's regulations, the Secretary responds that an impairment that can reasonably be remedied by treatment is not disabling.* 20 C.F.R. § 404.1530(a) (1990); *see also* 20 C.F.R. 416.930(a) (1990).

■ The regulation to which the Secretary refers requires that a recipient follow prescribed treatment if the treatment can restore his or her ability to work or benefits will cease. 20 C.F.R. §§ 404.-1530(b), 416.930(b) (1990). In previous cases, this court has set out four requirements that must be met before a claimant's failure to undertake treatment will preclude the recovery of disability benefits: "(1) the treatment at issue should be ex-

---

* The genesis of this proposition in case law stems from a previous regulation which no longer exists. That provision provided:

An individual will be deemed not under a disability if, with reasonable effort and safety to himself, the impairment can be diminished to the extent that the individual will not be

prevented by the impairment from engaging in any substantial gainful activity.

20 C.F.R. § 404.1502(g); *see Johnson v. Secretary of Health & Human Servs.,* 794 F.2d 1106, 1111 (6th Cir.1986); *Henry v. Gardner,* 381 F.2d 191, 195 (6th Cir.1967), *cert. denied,* 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487 (1967).

pected to restore the claimant's ability to work; (2) the treatment must have been prescribed; (3) the treatment must have been refused; (4) the refusal must have been without justifiable excuse." *Teter v. Heckler*, 775 F.2d 1104, 1107 (10th Cir. 1985). We believe similar findings must be made before the Secretary may terminate disability benefits where the disability may be remedied by treatment. If the recipient is following prescribed medical treatment for a diagnosed ailment of disabling severity, benefits should not cease upon a demonstration that the treatment will render the recipient able to regain residual capacity for work in the future. *See* 20 C.F.R. § 404.1594(e)(4) (1990). At the time of the hearing, the recipient is still disabled and his benefits should not be terminated. We are not faced here with an impairment that can be remedied by medication or other action immediately available to the recipient.

The Secretary did not make a finding that Mr. Pacheco refused to follow the prescribed treatment. Nor did he find that there was no justifiable excuse for Mr. Pacheco to refuse the prescribed treatment. Because the Secretary did not apply the correct legal standards, we find the Secretary's reliance on Dr. Hillmer's diagnosis to find Mr. Pacheco not disabled improper. We remand this case with instructions to reinstate Mr. Pacheco's disability benefits, including retroactive payments, until the Secretary conducts a further hearing following the steps set forth by this court in *Teter* and, if merited, issues a valid order terminating Mr. Pacheco's benefits. *See White v. Heckler*, 774 F.2d 994, 996–97 (10th Cir.1985).

In remanding the case to the Secretary for a further evidentiary hearing, we do not mean to preclude the Secretary from acting in his proper role as factfinder. The Secretary may discount the report of Dr. Hillmer when faced with the remainder of the evidence in the record. It is clear here, however, that Dr. Hillmer's report was credited, and relied upon, to find Mr. Pacheco disabled. As we have already articulated, we do not believe that Dr. Hillmer's diagnosis supports such a finding without a further hearing to determine whether Mr. Pacheco unjustifiably refused the prescribed treatment.

### III.

Mr. Pacheco also challenges the administrative law judge's determination that he does not suffer a mental impairment that would significantly reduce his functional capacity for the full range of light work. Mr. Pacheco therefore takes exception with the administrative law judge's use of Appendix 2 as a framework for his decision that Mr. Pacheco could perform work in the national economy beginning January 1988. In light of our remand to determine whether Mr. Pacheco improperly refused medical treatment, we need not reach this issue.

For the foregoing reasons, the judgment of the district court is REVERSED. The cause is REMANDED to the district court for further proceedings consistent with this opinion. The mandate shall issue forthwith.