9 F.3d 117
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Everett M. LONG, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-7024.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1993.
 
 1
 Before LOGAN and BRORBY, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals from an order of the district court affirming the Secretary's decision to deny social security benefits. "It is our responsibility, in assessing the factual and legal bases for the Secretary's challenged decision, to review the record 'to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards.' " Ragland v. Shalala, 992 F.2d 1056, 1057 (10th Cir.1993)(quoting Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991).
 
 
 4
 Plaintiff, who is of advanced age,[2] claims disability based on alleged exertional and nonexertional complications of degenerative disc (cervical and lumbar) disease, arthritis, carpal tunnel syndrome, and depression. The details of these complaints, as well as the relevant testimony and medical documents, are recounted in the lengthy decision of the administrative law judge (ALJ). We shall therefore proceed directly to the legal analysis, referring to particular facts and evidence where pertinent.
 
 
 5
 The ALJ rejected plaintiff's claim for benefits at step four of the five-step evaluative sequence established by the Secretary for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(describing steps in detail). In short, the ALJ found that despite severe, though unlisted, impairments, plaintiff retains the capacity to satisfy the demands and duties associated with his past relevant work as a trucking operations supervisor and, consequently, is not disabled. For the reasons to follow, we reverse and remand for an award of benefits.
 
 
 6
 For most of his working life, plaintiff was a truck driver. During the last years of his employment, plaintiff performed the physically less demanding role of supervisor in his own small trucking business, though, due to his minimal education and limited cognitive skills,[3] he relied on his wife and daughter to do the associated bookkeeping and paperwork. After injuring his back in January 1989, plaintiff ceased working altogether.
 
 
 7
 Following plaintiff's injury, several physicians found, based on physical examination and x-rays, that plaintiff suffers from degenerative disc disease already affecting cervical and lumbar vertebrae, as well as from possible arthritic or carpal tunnel complications in his wrists. See Supp.App. at 194-96, 203 & 230, 227, 241. At least two of these physicians expressly deemed plaintiff disabled. See id. at 230, 241. On the other hand, a physician for the Secretary acknowledged the x-ray evidence for the degenerative disc disease diagnosis, but found no objective support for the significant degree of pain and restriction of motion reported by plaintiff. See id. at 217-19.
 
 
 8
 The ALJ determined that plaintiff retains the residual functional capacity (RFC) to engage in "a full range of medium, light, and sendentary [sic] work activity with the exception that he could only occasionally climb, balance, stoop, crouch, kneel, and crawl." Id. at 63. As for plaintiff's past relevant work, the ALJ found:
 
 
 9
 The credible evidence shows that the claimant has been a truck supervisor. That job consisted of him driving around in his truck, hiring other people to perform the various functions of actually driving the vehicles, taking care of the business of the trucking with the assistance of his wife and daughter, seeing that the repairs were done by competent mechanics, which he hired, etc. This was for all practical purposes sedentary work. The fact that it is performed in the cab of a pick-up truck would possible [sic] raise [sic] to the level of light work. Certainly the claimant is fully able to do that.
 
 Id. at 64. The ALJ then concluded:
 
 10
 After assessing the claimant's remaining capacity for work and the physical and mental demands of the work he has done in the past, [it is determined] that the claimant has the residual functional capacity to do his past relevant work. Consequently, it must be found that the claimant is not disabled within the meaning of the Social Security Act.
 
 
 11
 Id.
 
 
 12
 Two problems with the ALJ's analysis stand out immediately and lead us to reverse the denial of benefits. We need not, and therefore do not, express an opinion regarding the rest of the administrative evaluation of this case.
 
 
 13
 The first difficulty we identify undermines the ALJ's findings regarding plaintiff's past relevant work as a trucking supervisor. The evidence is undisputed, and the ALJ recognized, that plaintiff's limited aptitude and education forced him to rely on his wife and daughter to do the bookkeeping and paperwork his supervisory position required. See id. at 57, 61, 64, 91, 99, 118-19, 190. See generally id. at 206 (Dr. Barker, examining psychiatrist, stating, "If [plaintiff's] IQ is as low as it is on the WAIS-R, he has certainly extended himself beyond his basic ability in being able to run a trucking business and it finally got the best of him."). Indeed, the reasoning, mathematical, and language requirements listed for this type of position in the Dictionary of Occupational Titles (4th ed. Revised 1991) (DOT),[4] bear out the evident gap between plaintiff's capabilities and the full range of duties typically required of trucking supervisors. See id. Vol. II at 918, 1009-12; see also id. Vol. I at 2 (description of supervisory duties).
 
 
 14
 A step-four determination may be based on the claimant's ability to return either to a previous occupation as it is typically performed (and described in the DOT) or to a particular past job. Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1050-51 (10th Cir.1993). However, even the perhaps idiosyncratic duties associated with the latter must still comprise a job performed by the claimant. Because plaintiff required substantial assistance with the responsibilities of the very position he occupied, we cannot fairly characterize it as his past relevant work. See generally 20 C.F.R. 404.1573(b), 416.973(b)(inability to do ordinary tasks satisfactorily without assistance not usually given others doing similar work is indicative that one is not performing substantial gainful activity). Accordingly, the ALJ's determination of nondisability cannot stand on its stated rationale.
 
 
 15
 The second error alluded to above precludes any alternate-ground affirmance on the basis of plaintiff's past work as a tractor-trailer and dump-truck driver. Although their cognitive and linguistic demands are relatively low, physically these occupations qualify as medium work. DOT Vol. II at 917. See generally 20 C.F.R. 404.1567, 416.967 (terms, "sedentary," "light," "medium," "heavy," and "very heavy," used in regulations have same meaning as in DOT). The ALJ found that plaintiff's RFC included such work, but this finding is not supported by substantial evidence.
 
 
 16
 The primary feature distinguishing medium work from less exertional types is the ability to lift and carry twenty-five pounds on a frequent basis. 20 C.F.R. 404.1567(c), 416.967(c). Not one of the four treating and examining physicians who contributed to the administrative record found plaintiff capable of satisfying this requirement. On the contrary, two of these physicians, who examined plaintiff for the Secretary, specifically limited plaintiff's capacity in this regard to fifteen and five pounds, respectively, see Supp.App. at 220, 228, while a third expressly stated plaintiff could not return to truck driving (or any other kind of work), see id. at 241, and a fourth, plaintiff's primary treating physician, deemed plaintiff disabled (at step three) under the listings for loss of musculoskeletal function, see id. at 230. To find plaintiff capable of medium work, the ALJ had to disregard all of these hands-on medical findings and accept instead the remote and conclusory assessments of two of the Secretary's medical record reviewers. See id. at 61-62; see also id. at 133, 150. Lacking a compelling justification for this complete inversion of the established order of evidentiary preference regarding professional medical opinions, the ALJ's RFC determination is plainly in error. See Ragland, 992 F.2d at 1058 n.3 (citing Gatson v. Bowen, 838 F.2d 442, 448 (10th Cir.1988), for suspect reliability of medical reviewer's conclusory RFC notations, and Talbot v. Heckler, 814 F.2d 1456, 1463 (10th Cir.1987), for their low probative value compared to findings of treating and examining physicians).
 
 
 17
 The decision to deny benefits must therefore be reversed. "When a decision of the Secretary is reversed on appeal, it is within this court's discretion to remand either for further administrative proceedings or for an immediate award of benefits." Ragland, 992 F.2d at 1060. As already noted, plaintiff is close to retirement age and suffering from severe impairments. Thus, even if the ALJ were correct in finding plaintiff could perform work at the light or sedentary level, the regulations still would require a finding of disability absent substantial evidence--completely undeveloped thus far--that he possesses highly marketable skills transferable to such work. See 20 C.F.R. 404.1563(d), 416.963(d). Under the circumstances, we consider it very unlikely that plaintiff could perform substantial gainful activity in the national economy. See generally Nielson v. Sullivan, 992 F.2d 1118, 1120-21 (10th Cir.1993)(discussing heightened burden on Secretary to show nondisability of claimants of advanced age). Plaintiff applied for benefits over four years ago. Further delay is simply unwarranted in this case. Accordingly, we exercise our discretionary authority to remand for an immediate award of benefits. Cf. id. at 1122; Ragland, 992 F.2d at 1060.
 
 
 18
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the cause is REMANDED to the Secretary for an award of benefits consistent with this order and judgment.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Plaintiff was born June 28, 1929. Supp.App. at 90. He is therefore not only of "advanced age," i.e., fifty-five years or older, but also "close to retirement age," i.e., sixty to sixty-four years old. See 20 C.F.R. 404.1563(d), 416.963(d)
 
 
 [3]
 Plaintiff's formal education ceased at the sixth grade, and he testified he simply had been passed along that far, never acquiring the skills necessary even to read a comic book. See Supp.App. at 90-91, 99. At the direction of the Secretary, plaintiff was administered an intelligence test, which fixed his full scale IQ at 80. See id. at 211-12
 
 
 [4]
 20 C.F.R. 404.1566(d), 416.966(d) authorize administrative notice of DOT job information. See, e.g., Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1051 (10th Cir.1993)