9 F.3d 117
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dessie L. MILLER, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, Donna
Shalala, Secretary, Defendant-Appellee.
 No. 93-6080.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Dessie Miller appeals from the district court's order affirming the decision of the Secretary of Health and Human Services to deny claimant's application for social security disability benefits under 42 U.S.C. 416(i) and 423 of the Social Security Act. We affirm.
 
 I. Background
 
 3
 Claimant is a fifty year old woman with a ninth grade education. She claims disability due to chronic obstructive pulmonary disease, a lumbosacral strain, and several episodic periods of depression. Claimant filed her application for social security benefits on October 11, 1990, claiming disability as of August 2, 1989. Her application was denied initially and on reconsideration. Claimant requested and received a hearing before an administrative law judge on June 13, 1991. Following the hearing, the ALJ issued a decision denying benefits and finding claimant capable of returning to her past relevant work as a home health care provider, school cafeteria worker, housekeeper, or janitor. The Appeals Council denied claimant's request for further review.
 
 
 4
 Claimant filed a complaint in the United States District Court for the Western District of Oklahoma under 42 U.S.C. 405(g). A magistrate judge submitted findings and recommended that the decision of the Secretary be affirmed. The district court agreed and adopted the magistrate judge's findings and recommendation. Claimant appeals.
 
 II. Standard of Review
 
 5
 Our review of the Secretary's decision is limited to determining whether the decision is supported by substantial evidence and "whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). In order to determine whether the Secretary's decision is supported by substantial evidence, we must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 III. Discussion
 
 6
 On appeal, claimant contends that (1) the ALJ's decision is not supported by substantial evidence; (2) the ALJ did not properly follow the sequential evaluation process; (3) the ALJ did not comply with the requirements of Social Security Ruling 82-62; (4) the Secretary did not meet her burden of proof in determining that claimant could return to her past relevant work; (5) the ALJ did not properly consider all of claimant's impairments individually and in combination; and (6) the ALJ failed to give proper weight to the opinion of claimant's treating physician.
 
 
 7
 In order to determine whether a claimant is under a disability, the Secretary applies a five-step process. 20 C.F.R. 404.1520, 416.920. The five steps which the Secretary must consider are (1) whether claimant is engaged in substantial gainful activity; (2) whether claimant has a medically severe impairment or combination of impairments; (3) whether the impairment is equivalent to one of a number of listed impairments so severe as to preclude substantial gainful activity; (4) whether the impairment prevents the claimant from performing work she performed in the past; and (5) whether claimant is able to do other work in the national economy in view of her age, education, and work experience. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988). If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir.1989). Here, the ALJ determined claimant not disabled at step four, concluding that claimant has the residual functional capacity (RFC) to return to her past relevant work activities.
 
 
 8
 Initially, claimant argues that the ALJ's decision that claimant has the RFC to return to her past work endeavors is not supported by the record. Specifically, claimant contends that this determination is contrary to claimant's testimony regarding her limitations, her treating physician's evaluation of her physical limitations, and in violation of the requirements of Social Security Ruling 82-62.[2]
 
 
 9
 Claimant testified that her daily activities were severely limited because of her breathing problems and her back pain. The ALJ determined that claimant's recitation of her limitations was not credible. Our review of the record does not point to any error in this determination. See Williams, 844 F.2d at 755 (ALJ's determination of credibility given deference on review).
 
 
 10
 Dr. Thomas W. Toalson examined claimant twice on October 5, 1990, and again on November 9, 1990. Dr. Toalson diagnosed mild chronic obstructive pulmonary disease, lumbosacral strain, post menopause problems treated with hormones, episodic depression with no apparent symptoms at the time, and episodic chest pain with no apparent etiology. Appellant's Supp.App. at 208-09. In addition, he noted that he strongly urged claimant to quit smoking.[3] Id.
 
 
 11
 On June 25, 1991, Dr. Toalson completed a residual functional capacity assessment on claimant at the request of her attorney. He determined claimant was unable to lift in excess of ten pounds, or to stand, walk, or sit in excess of six hours. Id. at 224. He further opined that claimant should not balance, stoop, kneel, crouch, or crawl, and that she should avoid lung irritants and hot or cold temperatures. Id. Claimant argues that the ALJ improperly disregarded this assessment.
 
 
 12
 We are cognizant of this court's position that the Secretary must give substantial weight to the opinion of a claimant's treating physician. Frey v. Bowen, 816 F.2d 508, 513 (10th Cir.1987). However, a treating physician's opinion may be disregarded "if it is brief, conclusory, and unsupported by medical evidence." Id. Here, the ALJ provided adequate and specific reasons for discounting Dr. Toalson's assessment. See id. (holding that the ALJ must provide specific, legitimate reasons for disregarding opinion of treating physician). Therefore, in light of Dr. Toalson's short association with claimant, his limited treatment, and the lack of medical evidence supporting his conclusions, the ALJ was under no obligation to give this assessment considerable weight.
 
 
 13
 Next, claimant contends that in making the determination that claimant could return to her past relevant work, the ALJ failed to consider the requirements of Social Security Ruling 82-62 which requires (1) a finding of fact as to a claimant's RFC; (2) a finding of fact as to the physical and mental demands of the past occupation; and (3) a finding of fact that the claimant's RFC would permit her to return to the past occupation.
 
 
 14
 The ALJ concluded that although the severity of claimant's impairments would prevent her from performing heavy, exertional work-related activities, the claimant had presented no evidence that would limit her ability to lift and carry fifty pounds occasionally and twenty-five pounds frequently. He further found that claimant's past relevant work was within her range of ability. Claimant has not presented any evidence, other than her own testimony which the ALJ found not credible, to refute this finding. Therefore, on the basis of the record, and in light of the requirements of Social Security Ruling 82-62, the ALJ's findings are adequate and supportable.
 
 
 15
 Claimant argues that the ALJ failed to address the five sequential steps in proper order. See Williams, 844 F.2d at 750-52. The ALJ properly concluded that claimant had not engaged in substantial gainful activity since her onset date of August 2, 1989. He further concluded that claimant's impairment or combination of impairments could not be considered of such severity that they are individually or in combination equal to an impairment listed in 20 C.F.R. 404, Subpt. P, App. 1. In conclusion, the ALJ determined that claimant's impairments, individually or in combination, did not preclude her from engaging in the work activities of her past occupations. Even assuming the ALJ's discussion could have been better organized, we fail to see how this prejudiced the claimant.
 
 
 16
 Finally, claimant argues that the ALJ did not properly consider claimant's mental impairment. The ALJ concluded that claimant's infrequent bouts of depression resulted in only slight limitations on her ability to function in a work or social setting. The record indicates that claimant was hospitalized in 1989 for depression associated with the fact that her husband had left her and had announced his intention to divorce her. Appellant's Supp.App. at 139-43. Her depression appeared to be situational. After making good progress, claimant was placed on the antidepressent Prozac and was discharged after five days. The record is then devoid of any indication that she continued treatment for depression. In November 1990, Dr. Toalson stated that claimant did not have many symptoms of depression such as "sleep disturbance, appetite disturbance, etc." Id. at 209. He opined that she probably would not benefit from antidepressants. Id.
 
 
 17
 The ALJ determined that claimant's depression was not severe enough, singly or in concert with her other impairments, to meet or equal the severity set forth in the regulations. In order to establish a disabling mental impairment, claimant must provide evidence to establish marked or frequent functional limitations in a least two of the behavior signs set forth in 20 C.F.R. 404, Subpt. P, App. 1, 12.04.[4] The ALJ determined that claimant had not met this burden. Appellant's Supp.App. at 17, 20-22.
 
 
 18
 Throughout her brief, claimant continually urges this court to reweigh the evidence; this we cannot do. See Casias, 933 F.2d at 800. Our review of the entire record convinces us that the Secretary's decision to deny claimant disability benefits is not in error. Therefore, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Although claimant does not fully develop the argument, we note that she states as an issue the Secretary's failure to meet "its burden of proof in determining Claimant can return to past work." Appellant's Br. at 2. However, the claimant has the burden of proving that she is disabled. Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir.1992). The burden of proof does not shift to the Secretary until after claimant proves that she cannot return to her past relevant work. Id. Therefore, regardless of claimant's reasoning, this issue is without merit
 
 
 [3]
 Claimant admitted to a history of smoking three packs of cigarettes daily
 
 
 [4]
 The criteria set forth in 20 C.F.R. 404, Subpt. P, App. 1, 12.04 are:
 
 
 [1]
 Restrictions of activities of daily living;
 
 
 [2]
 Difficulties in maintaining social functioning;
 
 
 [3]
 Deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner;
 
 
 [4]
 Episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms