17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Brenda J. HOUSTON, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-5239.
 United States Court of Appeals, Tenth Circuit.
 March 2, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Brenda J. Houston appeals from a district court judgment affirming the Secretary of Health and Human Services' denial of her application for supplemental security income benefits under Title XVI of the Social Security Act, as amended, 42 U.S.C. 405(g) ("Act"). She contends that the findings of the Secretary, the administrative law judge, the appeals council and the district court were not based on substantial evidence, and that the administrative law judge's hypothetical questions to the vocational expert witness were incomplete, defective and objectionable. Appellant's Brief at 9, 18.
 
 
 3
 The facts of this case are set forth at length in the record. Essentially, Ms. Houston contends that "a person of her age, education, work experience and physical impairments cannot work in substantial gainful activity." Appellant's Brief at 8. She describes her disabilities as "poor circulation in [the] lower extremities, acute uncontrolled bronchial asthma, id. at 4, pain in her chest, lungs and legs, id. at 5, dizziness, lightheadedness and constipation associated with medication she is required to take, id. at 6, and fatigue (probably due to medication)." Id. at 7. Ms.Houston further states that if she sits for fifteen to twenty minutes, she has problems with circulation in her legs, id. at 5, must elevate her feet frequently during the day, id., must use a breathing machine four times a day for fifteen to twenty minutes each time, after which she is dizzy and lightheaded for twenty to twenty-five minutes. Id.
 
 
 4
 Ms. Houston supported her claims with her own testimony and, primarily, the report of her physician, J.A. Nelms, D.O., who stated that in his opinion, Ms. Houston is totally and permanently disabled due to "severe intractable asthma." Id. at 8. David F. Hitzeman, D.O., an internal medicine specialist, also rendered an impression that Ms. Houston suffers from acute asthmatic bronchitis, and he also noted Ms. Houston's complaints of achiness in her legs and a loss of energy. Id. at 6-7.
 
 
 5
 Despite this and certain other supporting evidence, the administrative law judge found that although Ms.Houston is unable to perform her past relevant work as a service station attendant and donut shop counter helper, she is not disabled, and has the residual functional capacity to perform work not requiring medium or greater physical demands and not requiring exposure to fumes or noxious odors. R. Vol. II at 13-14. This finding was upheld through the appeals process and by the district court.
 
 
 6
 We have a strict standard of review on appeal. We review the record "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). We are bound by "such evidence that a reasonable mind might accept as adequate." Id. at 697.
 
 
 7
 Upon a careful review of the record, we conclude that there is substantial evidence to support the Secretary's determination that Ms.Houston can perform sedentary and light jobs and is, therefore, not disabled and not entitled to Social Security benefits based on her application filed on December 18, 1986--the application under review. While Ms. Houston presented considerable evidence in support of her claim, a good deal of that evidence is subjective and conclusory, while evidence presented by the Secretary is supported by objective and verifiable test results and examinations. That evidence is adequate, under our standard of review, to support the determinations below.
 
 
 8
 Ms. Houston also contends that the administrative law judge's hypothetical questions to the vocational expert witness were incomplete, defective and objectionable. With respect to that argument, we agree with the Secretary that a vocational expert's responses to hypothetical questions based on restrictions and assumptions not ultimately found to be supported by the objective evidence, are irrelevant to the Secretary's disability determination. Brief for Appellee at 16. See Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir.1992). It is clear to us that the hypothetical questions posed included only those impairments which the administrative law judge found to be supported by the evidence. We conclude that the vocational expert's responses and testimony were not defective, based upon the evidence presented. See Gay, 986 F.2d at 1341; Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir.1990).
 
 
 9
 For the reasons stated above, we AFFIRM the decision of the district court, upholding the Secretary's denial of benefits.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470