21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Francisca MARQUEZ, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 93-2267.
 United States Court of Appeals, Tenth Circuit.
 May 4, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BRORBY and EBEL, Circuit Judges, and KANE,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Francisca Marquez appeals from the district court's order affirming the decision of the Secretary of Health and Human Services to deny claimant's application for social security disability insurance benefits and supplemental security income. Because we find that substantial evidence supports the Secretary's determination and that the law was properly applied, we affirm.
 
 
 4
 Claimant is a fifty-year-old woman with a seventh-grade education who last worked in August 1988. She claims disability since then due to swelling and pain in her back and right extremities. Although not included on her original application, at the hearing before the administrative law judge (ALJ), claimant also complained of migraine headaches. Claimant's application was denied initially and on reconsideration. After the hearing mentioned above, the ALJ denied benefits at step five of the five-part sequential evaluation process for determining disability. See 20 C.F.R. 404.1520; see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(discussing five-step process). The ALJ determined that claimant retained the residual functional capacity to perform sedentary work, Appellant's App. at 52, and that, therefore, claimant was not disabled. Id. We have jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291.
 
 
 5
 Our review of the Secretary's decision is limited to determining whether the decision is supported by substantial evidence and "whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). In order to determine whether the Secretary's decision is supported by substantial evidence, we must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 6
 On appeal, claimant alleges error on the part of the ALJ in: (1) improperly shifting the burden of proof to her on the issue of whether her nonexertional impairments significantly impair the full range of her residual functional capacity (RFC); (2) failing to order a consultative psychiatric or psychological evaluation; and (3) refusing to allow claimant to present witnesses. Our review of the record, however, establishes that the ALJ acted properly with regard to all of these matters.
 
 
 7
 In evaluating her claim of disabling migraines, the ALJ noted that "[m]igraine headaches are usually readily treatable, and there is no indication that, should claimant seek treatment, her headaches would not be alleviated, along with the accompanying blurred vision." Appellant's App. at 50. Claimant maintains that this remark evidences an improper shift of the burden from the Secretary to her on the issue of whether her nonexertional impairments significantly impair the full range of her RFC. Claimant further interprets the ALJ's comment as an improper medical assumption that treatment would alleviate the headaches, especially in light of her contention that she could not afford such treatment. We acknowledge that claimant's medical history does contain evidence of migraines. There is no evidence, however, that the migraines were disabling. We view the ALJ's comment as part of his more general conclusion that claimant's complaints of pain and functional limitations, of which the claim of migraine pain was a part, were not supported by the evidence. Our independent review of the record discloses substantial evidence to support that conclusion.
 
 
 8
 Claimant next contends the ALJ should have ordered a consultative psychiatric or psychological examination because of "substantial evidence in the record indicating a probable mental impairment and the lack of any recent psychological or psychiatric evaluation." Appellant's Br. at 10. The ALJ has a duty to "inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." Heckler v. Campbell, 461 U.S. 458, 471 n. 1 (1983)(Brennan, J., concurring). In this case, however, the record contained a report by Dr. Paul Walsky, M.D., of an examination of claimant done shortly after the hearing. Dr. Walsky is a neurologist and a board member of the American Specialty Boards of psychiatry and neurology. Dr. Walsky concluded that "the presentation on exam is one of marked symptom magnification and frank malingering in many aspects....I must conclude that a significant amount of functional overlay was responsible for this presentation." R. Vol. I at 164. Dr. Walsky concluded that claimant could stand, walk, and sit, but could probably not engage in work-related activities which required lifting and bending. Id. at 164-65. He did not conclude that claimant was disabled, either physically or due to any mental impairment.[2] There is no evidence in the record that any physician ever recommended that claimant undergo psychological or psychiatric evaluation. The opinion of Dr. Walsky is substantial evidence to support the ALJ's finding of no disability without resort to additional psychological testing. See Casias, 933 F.2d at 801-02.
 
 
 9
 Finally, claimant argues the ALJ erred in not permitting additional witnesses to testify at the hearing. The transcript of the hearing reveals, however, that the ALJ did not rule out specific witnesses but only remarked to claimant's representative that he "[did]n't want to get into cumulative evidence." R. Vol. I at 40. Claimant's representative did not indicate that additional testimony would not be cumulative, claimant interposed testimony about her headaches, and claimant's representative called no more witnesses. Id. Because the ALJ is not required to consider cumulative evidence, this argument lacks merit.
 
 
 10
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [2]
 An earlier opinion from Dr. Mark Van Wormer in December 1988 noted that "I would say the patient feels she is permanently disabled and based on her current mental status, would not be able to stand work pressures associated with unskilled work." R. Vol. I at 145. Dr. Van Wormer, however, is not a psychiatrist, and his opinion of claimant's mental state is not entitled to as much weight as that of a mental health specialist such as Dr. Walsky. Cf. 20 C.F.R. 404.1527(d)(5)(specialist's opinion entitled to more weight than nonspecialist's), 416.927(d)(5)(same); Moore v. Sullivan, 919 F.2d 901, 905 (5th Cir.1990)