25 F.3d 1055
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lynda C. CHAPLIN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Defendant-Appellee.
 No. 93-5246.
 United States Court of Appeals, Tenth Circuit.
 June 8, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Lynda Chaplin appeals an order of the district court affirming the Secretary of Health and Human Services' denial of supplemental security income and disability insurance benefits. Claimant argues on appeal that substantial evidence does not support the Secretary's decision that she could return to her past relevant work and the Secretary should have obtained testimony from a vocational expert. We review the record to determine whether substantial evidence supports the Secretary's findings and whether the Secretary applied the correct legal standards. Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). We exercise jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291, and affirm.
 
 
 3
 Claimant applied for benefits in 1987, alleging disability from severe back, shoulder, and neck pain, poor vision, and respiratory problems. Claimant maintains she has been unable to work since May 18, 1983, when she injured her back while working as an air tool assembler. Claimant appeared at an administrative hearing in 1988. The administrative law judge (ALJ) found at step four of the five-step disability analysis, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (explaining five steps), that claimant's impairments did not prevent her from performing her past relevant work as a maintenance worker and kitchen helper. The Appeals Council vacated the decision and remanded for evaluation of claimant's mental status. After conducting a second hearing in 1990, the ALJ again denied benefits at step four. Specifically, the ALJ found that although claimant suffered from severe impairments of somatoform disorder, chronic lumbosacral strain, and limited vision from retinal detachment in her left eye and a lens implant in her right eye, none of her impairments prevents her from performing her past relevant work as a janitorial worker or kitchen helper. The Appeals Council adopted the ALJ's decision as the final decision of the Secretary.
 
 
 4
 Claimant argues on appeal that substantial evidence does not support the determination that she retained the residual functional capacity to perform her past work as janitorial worker and kitchen helper. She maintains that the ALJ failed to adequately consider her testimony and the medical evidence regarding her vision problems and lower back condition.
 
 
 5
 The record contains medical evidence that after cataract extraction and an artificial lens implant, claimant has at least 20/50 vision in her right eye. She suffered a detached retina in her left eye and has only 20/400 vision in that eye. She testified that her eyes swell with strenuous activity. The medical records presented to the ALJ do not reflect problems with swelling, however, nor do they support claimant's statement that her doctors advised her to refrain from strenuous activities because of her eye problems.
 
 
 6
 The medical records document that claimant complained of blurred vision as early as 1985. Claimant testified that because of the blurring, even in her right eye, she cannot do anything requiring close vision. Two doctors diagnosed her as having floaters. In our view, the evidence of occasional blurred vision does not undermine the ALJ's conclusion that claimant could return to her past work as a janitorial worker or kitchen helper, because neither job requires frequent or constant visual accommodation, near acuity, far acuity, or depth perception. See Employment & Training Admin., U.S. Dep't of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles 132-33 (1993). We hold that substantial evidence supports the ALJ's conclusion that despite claimant's limited vision, she could perform her past relevant work.
 
 
 7
 As for claimant's back problems, the medical records show chronic lumbosacral strain, with right trochanteric bursitis and a possible central disc bulge. Claimant's treating physician recognized that claimant suffered a 5% permanent impairment as a result of her back injury, but advised claimant to return to work. Range of motion tests showed a mild limitation with forward bending. As the ALJ noted, though, "[t]he evidence of record does not reflect any functional limitations--claimant does not require any assistive devices, does not limp, does not appear to have had any long-lasting limitation of range of motion." Appellant's App., vol. II at 359. The ALJ considered the evidence of pain, evaluating the appropriate factors under Luna v. Bowen, 834 F.2d 161 (10th Cir.1987), and concluded that the medical evidence did not support claimant's alleged limitations with sitting, standing, and walking. We hold that substantial evidence supports the conclusion that claimant could perform her past work, despite her back condition.
 
 
 8
 Claimant also argues that the ALJ failed to make specific factual findings about the physical demands of her past jobs, as required by Social Security Ruling 82-62. As to each issue raised on appeal, this circuit's rules require an appellant to identify "where in the record the issue was raised and ruled upon." 10th Cir. R. 28.2(c). Here, without citation to her district court brief, claimant states she "specifically raised this issue, i.e., whether or not the Administrative Law Judge's findings are based on substantial evidence...." Appellant's Br. at 23. Further, she represents that the magistrate judge ruled on "said issue." Id.
 
 
 9
 Claimant's statements are misleading, at best. We have obtained the district court briefs and find no mention of the ALJ's alleged failure to make the specific findings required by Ruling 82-62. Without a doubt, claimant raised the issue of whether substantial evidence supports the ALJ's findings. By so doing, however, she has not preserved for appeal arguments which may have some bearing on the substantial evidence issue, but which were not specifically raised to the district court. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721-22 (10th Cir.1993) (raising related theory to district court does not preserve issue for appeal). Following the general rule that issues will not be considered for the first time on appeal absent unusual circumstances, id. at 721, we refuse to address claimant's argument.
 
 
 10
 Finally, we address claimant's argument that the ALJ should have obtained testimony from a vocational expert. There is no medical evidence that claimant cannot perform her past jobs of kitchen helper and janitorial worker. Claimant has not met her burden, Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir.1993), of proving that she could not perform her past relevant work. We agree with the district court that, under these circumstances, testimony of a vocational expert was not required.
 
 
 11
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470