43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Billy L. LINNELL, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-6144.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1994.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Billy Linnell appeals from an order of the district court affirming the Secretary of Health and Human Services' denial of supplemental security income benefits. We review the record to determine whether substantial evidence supports the Secretary's findings and whether the Secretary applied the correct legal standards. Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). We exercise jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291 and affirm.
 
 
 3
 Claimant suffers from diabetes mellitus. He claims to be disabled from the diabetes and from numerous other conditions, some of which are related to his diabetes: blurred vision, numbness in hands and feet, osteoporosis, degenerative arthritis, chronic stomach and leg pain, high blood pressure, nervousness, depression, and anxiety.
 
 
 4
 An administrative law judge (ALJ), employing the five-step disability analysis, Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988), concluded that claimant is not disabled. The ALJ found at steps one through four that claimant is not working, he suffers from severe impairments, his impairments do not meet any listed impairment, and the impairments prevent claimant from performing his past relevant work. The ALJ determined that claimant has the residual functional capacity to perform a full range of light work on a sustained basis and that claimant's nonexertional impairments do not diminish his ability to perform light work. Based on the applicable medical-vocational guidelines (grids), 20 C.F.R. 404, subpt. P, app. 2, the ALJ concluded at step five that claimant is not disabled.
 
 
 5
 The only issue on appeal is whether the ALJ erred in relying on the grids, in light of claimant's nonexertional impairments of pain, numbness, weakness, stomach problems, nervousness, depression, anxiety, and paranoia. We note that claimant raises another issue on appeal, regarding the ALJ's rejection of Dr. Shaw's opinion that claimant's diabetes is virtually disabling. Claimant's filings in the district court, which we have obtained, show that claimant did not raise this argument to the district court. Accordingly, we will not consider it on appeal. Channel v. Heckler, 747 F.2d 577, 579 n. 2 (10th Cir.1984).
 
 
 6
 The presence of nonexertional impairments does not necessarily preclude reliance on the grids. Id. at 582 n. 6. Conclusive reliance on the grids is "foreclosed only '[t]o the extent that nonexertional impairments further limit the range of jobs available to the claimant.' " Id. (quoting Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir.1983)(alteration in original)). Here, the ALJ specifically found that claimant's nonexertional impairments did not diminish his ability to perform light work. We have reviewed the entire record. For substantially the reasons set forth by the district court in its thorough opinion, we conclude that substantial evidence supports the ALJ's finding that claimant can perform a full range of light work despite his nonexertional impairments. Therefore, reliance on the grids was not improper. See id. at 582 and n. 6.
 
 
 7
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470