UNITED STATES COURT OF APPEALS
**Filed 5/22/96**
FOR THE TENTH CIRCUIT

PATRICIA A. JOHNSON,

Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner of
Social Security Administration,[*]

Defendant-Appellee.

No. 95-7134
(D.C. No. CV-95-21-S)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before PORFILIO, JONES,[***] and TACHA, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Patricia A. Johnson appeals from an order affirming the Secretary's decision denying plaintiff's application for disability insurance benefits. We affirm.

Plaintiff applied for benefits in May 1992, alleging she became unable to work on January 9, 1992, due to a bulging disk, degenerative disk disease, and left shoulder, arm, and hand pain. Her application was denied initially and on reconsideration. Following an evidentiary hearing, an administrative law judge (ALJ) found that plaintiff was not disabled and denied benefits. The Appeals Council remanded with directions to the ALJ to give further consideration to the medical evidence.

A second evidentiary hearing was held. Plaintiff testified that she was born January 10, 1953, had a high school education, and last worked on April 3, 1992, for Uniroyal/Goodrich as a wire cutter operator. Her back went out at work on December 2, 1991, when she was pulling on a truck. She complains that her hands go numb with any kind of repetitive work, and it hurts to turn her neck at times. However, she was not taking any prescription medication at the time because she was breast feeding her son. Her daily activities include taking care of her two children, doing the laundry, mopping, grocery

2

shopping, loading the dishwasher, making beds, vacuuming, and sweeping. She is able to take care of her own needs such as dressing and bathing.

A vocational expert testified that a hypothetical person of plaintiff's age, education, and work experience, with all of the limitations claimed by plaintiff, could not return to her past relevant work and could not perform any other jobs in the local and national economy. However, if such a person could perform a wide range of sedentary work, but needed to have an option to alternate sitting or standing at his or her pleasure, he or she could perform the jobs of machine operator, hand packer, packager, and inspector.

The ALJ again denied plaintiff's application. He found that plaintiff could not return to her past relevant work. However, she had the residual functional capacity to perform sedentary work which allowed alternate sitting and standing, and could perform a significant number of other jobs in the national economy. Consequently, she was not disabled and therefore not entitled to benefits. The district court affirmed.

We review the Secretary's decision "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir. 1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quotation omitted).

Plaintiff first contends the ALJ's finding that she has to alternate sitting and standing precludes a finding she can perform sedentary work. She relies on several cases from the

3

Sixth Circuit to this effect, as well as <u>Ragland v. Shalala</u>, 992 F.2d 1056 (10th Cir. 1993), and <u>Talbot v. Heckler</u>, 814 F.2d 1456 (10th Cir. 1987).

Social Security Ruling 83-12 (West's Social Security Reporting Service Rulings 1983-91) provides that when a claimant must alternate sitting and standing, he or she is not capable of doing either the prolonged sitting required for sedentary work or the prolonged standing or walking contemplated for most light work. However, we held in <u>Kelley v. Chater</u>, 62 F.3d 335, 338 (10th Cir. 1995), that Ruling 83-12 does not direct a finding of disability based on the need to alternate sitting and standing. Rather, the ruling requires that a vocational expert be consulted if the need to alternate sitting and standing places a claimant between exertional categories. If that is done, as it was in the present case, there is no legal error. <u>Kelley</u>, 62 F.3d at 338; <u>see</u> <u>Ragland</u>, 992 F.2d at 1059 n.4 (recognizing that if claimant needs to alternate position, ALJ must consult vocational expert before making determination). No vocational expert was consulted in either <u>Ragland</u> or <u>Talbot</u>, unlike in the present case. These decisions therefore have no application. We reject plaintiff's contention that her need to alternate sitting and standing compelled a finding of disability.

The next contention is that the ALJ improperly credited the medical opinions of Drs. H.B. Tate and Jack Spencer, who were not treating physicians, over that of Dr. Michael Carnahan, the doctor for plaintiff's former employer and arguably her treating physician. Dr. Carnahan stated in response to a question on a disability retirement application form that he did not believe plaintiff was capable of performing other work with the employer, and that

he thought she would qualify for social security disability benefits. Appellant's App. Vol. II at 192.

The ALJ did not accept Dr. Carnahan's opinion because of inconsistencies between his conclusion that plaintiff was totally disabled and certain objective medical findings. Specifically, the ALJ noted that on December 4, 1991, an x-ray of plaintiff's lumbar spine showed no acute abnormality, id. at 151; a January 7, 1992 lumbar MRI showed only very slight dehydration from mild early degeneration, a slight posterior bulge, but no evidence of disc herniation, id. at 152; a January 23, 1992 electromyogram and nerve conduction study was normal, id. at 154; and a March 30, 1992 report from a physical therapist stated that plaintiff was classified at the light exertional level (i.e., she could occasionally lift twenty pounds, and frequently lift ten pounds), id. at 174. The ALJ noted that Dr. Carnahan was the company doctor, that his specialty was family practice, and that plaintiff did not see him again after April 21, 1992.

Dr. Tate, a neurosurgeon who evaluated plaintiff apparently for a worker's compensation claim, concluded that she had an eight percent permanent partial impairment to the body as a whole. Upon examination he found a normal range of motion in her neck, mild restriction in elevation and rotation of the left shoulder, subjective discomfort with flexion of the back, but that she was able to flex over sixty degrees and extend over twenty-five degrees with normal lateral rotation. He noted the results of an MRI of her lumbar spine and left shoulder and an electromyogram showed only mild impairments. He concluded that

5

there was no evidence of a neurological deficit on objective examination, only findings of subjective pain in the shoulder and low back. Id. at 203. The ALJ could rely on Dr. Tate's evaluation notwithstanding 20 C.F.R. § 404.1504, which provides that findings of other agencies are not binding on the Secretary. Dr. Tate is not an agency and, in any event, the ALJ did not treat Dr. Tate's opinion as binding.

Dr. Spencer, an orthopedic surgeon, testified at the first evidentiary hearing that he had not examined plaintiff but had reviewed her medical records. He concluded the records showed she could do a "moderate amount of work." Appellant's App. Vol. II at 51. Although the regulations do not recognize the concept of a "moderate amount of work," Dr. Spencer's opinion does contradict plaintiff's claim of total disability. Further, although a treating physician's report should be favored over that of a reviewing physician, the rule does not apply if the treating physician is not credible. Talbot, 814 F.2d at 1463. That is the case here, and we find no error in the ALJ's weighing of the medical evidence.

Plaintiff contends the ALJ failed to address the consistency between Dr. Carnahan's opinion that she was totally disabled, and the assessments of physical therapist Sheri Hall and Dr. J. Dan Metcalf that plaintiff must alternate sitting and standing every fifteen minutes. As previously discussed, the need to alternate sitting and standing does not compel a finding of disability. We conclude the ALJ adequately considered the factors listed in Goatcher v. United States Department of Health & Human Services, 52 F.3d 288, 290 (10th Cir. 1995),

6

and gave specific, legitimate reasons for disregarding Dr. Carnahan's opinion that plaintiff is totally disabled.

Finally, plaintiff argues that the ALJ did not include in his hypothetical question to the vocational expert plaintiff's need to alternate sitting and standing every fifteen minutes. An ALJ must include in the hypothetical question those impairments shown by the record. Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995). The ALJ included in his hypothetical question the need to be able to sit or stand at one's pleasure. Appellant's App. Vol. II at 93. The vocational expert responded that there are sedentary jobs that such a person could perform. Id. at 94. We conclude the ALJ's question adequately accounted for plaintiff's need to change position.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge

7