**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 10 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JOHNNIE RENEE MCDANIEL,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

      Defendant-Appellee.

No. 97-5042
(D.C. No. 95-CV-1096-W)
(N.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before KELLY, McKAY, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel, Commissioner of Social Security, is substituted for Shirley S. Chater as the defendant in this action.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Johnnie Renee McDaniel appeals the denial of her claims for supplemental security income and disability insurance benefits. After her application was denied administratively, an administrative law judge (ALJ), held a hearing and denied benefits at step five of the five-step sequential evaluation process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps). The Appeals Council and the district court[1] declined to reverse the ALJ's decision. We affirm.

We review the Commissioner's decision to determine whether the findings of fact are supported by substantial evidence based on the entire record, and to ascertain whether he applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (further quotation omitted)). We may not reweigh the evidence or substitute our judgment for that of the Commissioner. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

---

[1] The parties consented to proceed before a magistrate judge. See 28 U.S.C. § 636(c).

Claimant alleges disability due to mental problems, obesity, back pain, and swelling in her legs and feet. The ALJ determined that she could not return to her past work as a housekeeper, beauty operator, day care attendant, or food service worker, but that she could perform a full range of sedentary work. He then applied the "grids," i.e., the medical-vocational guidelines, 20 C.F.R., Pt. 404, Subpt. P, App. 2, to find claimant not disabled. On appeal, claimant asserts the ALJ failed to evaluate properly her mental impairment and to consider the impact of that impairment on her ability to work. She also claims the ALJ was required to obtain the opinion of a vocational expert to evaluate the impact of claimant's mental impairment on the jobs available to her.

The record contains substantial evidence to support the conclusion that claimant's mental condition does not impair her ability to perform sedentary work. The ALJ considered all of the evidence submitted, see R. vol. II at 17, and he discussed the evidence he considered in completing the Psychiatric Review form, as required by Cruse v. United States Department of Health & Human Services, 49 F.3d 614, 617-18 (10th Cir. 1995). Moreover, because claimant's mental problems are treatable, they do not establish disability. See 20 C.F.R. §§ 404.1530, 416.930 (claimant must follow prescribed treatment if it can restore ability to work); cf. Pacheco v. Sullivan, 931 F.2d 695, 697-98 (10th Cir. 1991)

(discussing standards for refusal to follow prescribed treatment, indicating that benefits will cease if treatment can restore ability to work).

The ALJ properly relied on the grids and was not required to obtain the opinion of a vocational expert because substantial evidence supports the determination that claimant's psychological impairments do not limit her ability to perform sedentary work. See Eggleston v. Bowen, 851 F.2d 1244, 1247 (10th Cir. 1988) (presence of nonexertional impairment does not preclude use of grids if nonexertional impairment does not limit claimant's ability to perform work); cf. Castellano, 26 F.3d at 1030 (ALJ's reliance on grids was not error because claimant's pain testimony was not fully credible). We also reject claimant's alternative argument that even if her mental condition improved following her hospitalization in December 1993, her mental condition limited her ability to work from January 1992 to January 1994. Accordingly, we conclude that the Commissioner's determination is supported by substantial evidence in the record and was based on correct legal standards.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge