34 F.3d 1076
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John G. KELLER, Plaintiff-Appellant,
v.
Donna SHALALA, in her capacity as Secretary of Health &
Human Services, Defendant-Appellee.
 No. 93-4178.
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before LOGAN and BARRETT, Circuit Judges, and RUSSELL,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff John G. Keller appeals from the district court's order affirming the Secretary's decision denying him Social Security disability benefits and supplemental security income. We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 4
 Plaintiff claims he has been disabled since August 15, 1985, due to loss of vision, loss of depth perception, and other problems stemming from detached retinas that were surgically repaired in 1978. He also claims disability caused by back pain, severe depression, inability to get along with coworkers, and seizures caused by alcoholism. After a hearing, the Administrative Law Judge (ALJ) denied benefits at step four, concluding that plaintiff was able to return to his past relevant work.
 
 
 5
 We review the Secretary's decision to evaluate whether the record contains substantial evidence to support the findings, and to determine whether the correct legal standards were applied. Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). Substantial evidence to support the Secretary's decision that plaintiff is not disabled is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir.1983)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In reviewing the Secretary's decision, we cannot weigh the evidence or substitute our discretion for that of the Secretary, but we have the duty to carefully consider the entire record and make our determination on the record as a whole. Dollar v. Bowen, 821 F.2d 530, 532 (10th Cir.1987).
 
 
 6
 The Secretary has established a five-step sequential evaluation process to determine if a claimant is disabled. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir.1988)(listing five steps); 20C.F.R. 404.1520, 416.920. If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir.1989). The burden of proof is on the claimant through step four; then it shifts to the Secretary. See id. (citing Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989)). Accordingly, if a claimant is capable of performing his past relevant work, a step four inquiry, then he is not disabled within the meaning of the Social Security Act; the burden is on the claimant to prove he is unable to perform his past relevant work. Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1050 (10th Cir.1993).
 
 
 7
 Applying these standards to plaintiff's claims, we conclude that the record does not contain substantial evidence of disabling back pain, seizures, or depression. "To prove a disability, a claimant must establish a 'medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.' " Id. at 1047 (quoting 42 U.S.C. 1382c(a)(3)(A) & 423(d)(1)(A)).
 
 
 8
 Medical notes dated September 30, 1987, indicate that plaintiff had some intervertebral disc space narrowing, but the record does not establish that the condition is either continuing or disabling, particularly considering that plaintiff did not testify about any back pain or restriction of movement. As for the seizures caused by alcoholism, plaintiff testified that his last seizure occurred on April 4, 1985, and the record contains no evidence that plaintiff suffers from alcoholism, despite plaintiff's argument to this court that he is disabled due to alcoholism.
 
 
 9
 The evidence that plaintiff suffers from major depression and has difficulty with coworkers does not establish that he is suffering from a disabling condition that has lasted, or is anticipated to last, for twelve continuous months. Although plaintiff has been treated for depression in the past, he is not currently being treated for depression, and the psychological reports indicate that plaintiff has no significant psychological problems that would interfere with his ability to work.
 
 
 10
 We next consider plaintiff's claim that his eye problems prevent him from returning to his past relevant work. Plaintiff maintains that he cannot perform his past relevant work as a laboratory technician because that work requires accurate reading of fine print, and dependable depth perception. He also claims the sustained visual effort required by his employment causes his eyes to tire easily and become dry, causing double vision, headaches, fatigue, tension, and nausea. He further complains of night blindness, blind spots, and floaters that interfere with his vision.
 
 
 11
 Plaintiff argues that the ALJ did not give sufficient weight to the opinions of his treating physicians, Drs. Swartz and Mamalis, who stated that plaintiff's eye condition was permanently disabling. A treating physician is one " 'who [has] treated a patient over a period of time or who [is] consulted for purposes of treatment.' " Frey v. Bowen, 816 F.2d 508, 513 (10th Cir.1987) (citation omitted). There is no evidence that either Dr. Swartz or Dr. Mamalis treated plaintiff. Each examined plaintiff one time, and neither prescribed treatment, although each recorded the results of plaintiff's vision testing. Furthermore, the opinions do not indicate what clinical and laboratory techniques were employed to diagnose plaintiff's condition, or how the condition is disabling. Moreover, the opinion that plaintiff's eye condition is permanently disabling conflicts with well-founded opinions to the contrary submitted by other physicians. Cf. Castellano v. Secretary of Health & Human Servs., 1994 WL 265071, at * 1 (10th Cir. June 17, 1994)("The Secretary will give controlling weight to [an opinion about the nature and severity of the claimant's impairments] if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record."). Therefore, because neither Dr. Swartz nor Dr. Mamalis was a treating physician, their opinions were not entitled to the substantial weight generally afforded a treating physician's opinion. See Sorenson, 888 F.2d at 711 (Secretary must give substantial weight to treating physician's opinion).
 
 
 12
 Plaintiff asserts that the ALJ's assessment of plaintiff's credibility was not supported by substantial evidence. The ALJ credited in part plaintiff's claims of pain and discomfort, but determined that plaintiff's testimony was not credible to the extent he cannot work. Generally, we defer to the ALJ's credibility assessment. Williams v. Bowen, 844 F.2d 748, 755 (10th Cir.1988). The ALJ stated that he had evaluated all of the circumstances surrounding plaintiff's complaints of pain, and we are not allowed to assume that he did not. See Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498-99 (10th Cir.1992)(reviewing court precluded from assuming ALJ based decision only on objective medical findings where ALJ stated that he considered all evidence). "[Plaintiff] wants us to reweigh the evidence; this we cannot do." Id. at 1498.
 
 
 13
 The medical evidence of record supports the ALJ's conclusion that plaintiff's vision can be corrected with glasses to permit him to perform his past relevant work as a laboratory technician. Dr. Bogus concluded that plaintiff's visual condition, when corrected with glasses, would not impair his normal activities. Dr. Davis stated that, with glasses, plaintiff could read small print with both eyes without difficulty. Dr. Taylor noted that plaintiff has decreased vision in one eye only, and with glasses, plaintiff's vision was correctable to 20/20 in his right eye, and 20/30 in his left. Moreover, plaintiff has a driver's license restricted only by a requirement that he wear glasses.
 
 
 14
 If prescribed treatment has restored plaintiff's ability to work, he is not disabled. See 20 C.F.R. 404.1530, 416.930; cf. Pacheco, 931 F.2d at 697-98 (articulating legal standards for refusal to follow prescribed treatment; if treatment can restore ability to work, benefits will cease). We have reviewed the record in light of the applicable legal standards, and we conclude that the record contains substantial evidence to support the ALJ's decision that plaintiff can return to his past relevant work.
 
 
 15
 Even though the evaluation process was ended by the determination at step four that plaintiff can return to his past relevant work, the ALJ proceeded to step five, and considered whether plaintiff was able to engage in other substantial work that exists in significant numbers in the national or local economy. See 42 U.S.C. 423(d)(2)(A). Further inquiry was prompted by evidence that plaintiff uses marijuana recreationally to escape personal problems, and because it relieves his eye discomfort.[2] A vocational expert testified that a marijuana user could not perform plaintiff's past relevant work as a laboratory technician because the effects of marijuana would impair his ability to do precise measurements, and would constitute a safety hazard. Furthermore, as the ALJ correctly noted, use or possession of an illegal substance is unacceptable to many employers.
 
 
 16
 Plaintiff makes no claim, and there is no evidence, that he is addicted to marijuana. Therefore, it is only his voluntary use of marijuana that would affect adversely his employment situation. We hold that the voluntary recreational use of marijuana is not a contributory factor for a Social Security disability determination. Because we find substantial evidence for the ALJ's conclusion that plaintiff can return to his past relevant work, and because plaintiff's voluntary, recreational use of marijuana need not have been considered by the ALJ, we do not review the ALJ's determination that there exist other jobs in significant numbers available to plaintiff that would accommodate plaintiff's continued use of marijuana.
 
 
 17
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [2]
 Plaintiff does not claim that marijuana is medically indicated for his condition, or that he cannot attain relief through conventional treatments. Therefore, we consider his marijuana use to be recreational