Tim C. TETER, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health & Human Services, Defendant-Appellee.

No. 84-2596.

United States Court of Appeals, Tenth Circuit.

Oct. 25, 1985.

James G. Chakeres, Albuquerque, N.M., for plaintiff-appellant.

William L. Lutz, U.S. Atty., Ronald F. Ross, Asst. U.S. Atty., Albuquerque, N.M., Gayla Fuller, Regional Atty., Thomas Stanton, and Karen J. Behner, Asst. Regional Attys., U.S. Dept. of Health and Human Services, Dallas, Tex., for defendant-appellee.

Before LOGAN, SEYMOUR, and JOHN P. MOORE, Circuit Judges.

SEYMOUR, Circuit Judge.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

Tim C. Teter brought this action under 42 U.S.C. § 405(g) (1982) after his application for Social Security disability benefits was denied. The district court affirmed the administrative decision and Teter appealed. We reverse.

Teter claims he became disabled on April 21, 1981, as a result of a back injury and alcoholism. He first injured his back in 1971 and underwent a laminectomy. Following this surgery, he received Social Security benefits from 1972 to 1976, when he resumed employment. Teter again developed back trouble in 1976, after which he was unemployed for two years. His back improved and he again returned to work until the injury in 1981. Teter testified that he is no longer able to work due to debilitating pain, and that he sometimes resorts to alcohol for relief.

The Administrative Law Judge (ALJ) found that Teter suffered from a severe impairment. The ALJ also determined, however, that Teter's allegation of disabling pain was not credible and that Teter therefore retained the residual functional capacity (RFC) to perform the full range of sedentary work. The ALJ then applied the Medical-Vocational Guidelines found at 20 C.F.R., Subpt. P., App. 2 (1985) (the grids), and found that Teter was not disabled. The district court concluded that the ALJ's evaluation of Teter's pain was supported by substantial evidence. Although the ALJ had not addressed the issue, the court also alluded to evidence that surgery could improve Teter's condition, and noted that an impairment may not form the basis for a finding of disability if it is amenable to corrective treatment. The court apparently concluded that Teter's failure to undergo surgery constituted an alternative ground for upholding the ALJ's decision. The Secretary pursues this argument on appeal, and also asserts that the ALJ's pain determination is supported by substantial evidence.

■ We have recently discussed the circumstances in which the Secretary can properly resort to the grids to determine whether a claimant is disabled. *See Turner v. Heckler*, 754 F.2d 326, 328–29 (10th Cir.1985); *Channel v. Heckler*, 747 F.2d 577, 579–80 (10th Cir.1984). In those cases we pointed out that "the grids may not be applied conclusively in a given case unless the claimant's characteristics precisely match the criteria of a particular rule." *Turner*, 754 F.2d at 328; *Channel*, 747 F.2d at 579. In establishing RFC categories, the grids consider only impairments resulting in exertional limitations; they cannot be used when a nonexertional impairment, such as pain, limits a claimant's ability to perform the full range of work in a particular RFC. *Turner*, 754 F.2d at 331; *Channel*, 747 F.2d at 580–81.

■ In this case the ALJ applied the grids after rejecting as not credible Teter's allegation of disabling pain and finding that he retained the RFC to perform a full range of sedentary work. This finding will be upheld if it is supported by substantial evidence. "Evidence is substantial if it is more than a mere scintilla, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fulton v. Heckler*, 760 F.2d

1052, 1055 (10th Cir.1985) (citing *Broad-bent v. Harris,* 698 F.2d 407, 414 (10th Cir.1983)). Although the ALJ relied on reports from three physicians in making his determination, in so doing he read the reports selectively. Moreover, the ALJ failed to acknowledge that these reports clearly show Teter's pain to have both physical and psychological components. Complaints of pain · cannot be dismissed as incredible merely because they stem in part from a psychological abnormality, so long as the abnormality is shown by "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques...." 42 U.S.C. § 423(d)(5)(A) (1985 Supp.).

The ALJ based his findings on the reports of Doctors Crowell, Nayak, and Nelson. The ALJ noted that Dr. Crowell, an orthopedic surgeon, reported that Teter subjectively amplified his symptoms. However, Dr. Crowell recommended that Teter be given a psychiatric evaluation at a formal pain clinic, and he concluded that Teter would not recover from his illness, with or without surgery. Dr. Nayak, who specializes in physical medicine and rehabilitation, examined Teter at the Secretary's request. The ALJ focused on Dr. Nayak's statement that Teter severely exaggerated his symptoms. However, Dr. Nayak concluded that this exaggeration was the result of a "[s]evere underlying emotional disorder with severe pain behavior," and stated that Teter "has severe emotional problems related to his back pain, and ... unless this is treated, that *he is functionally impaired and will be unable to do any kind of activity.*" Rec., vol. II, at 185–86 (emphasis added). Dr. Nayak felt Teter's illness had an hysterical component, and he too recommended psychiatric counseling and treatment at a pain center.

The ALJ also quoted from the report of Dr. Nelson, a psychiatrist who examined Teter at the Secretary's request. Dr. Nelson stated that Teter's pain was subjective rather than objective, and that Teter was emotionally able to withstand the pressure of daily work. Dr. Nelson diagnosed Teter's problem as atypical somatiform disorder.[1] He concluded that Teter presented "a complicated case in which chronic pain seems to be causing psychological disturbance." *Id.* at 204. Dr. Nelson recommended that Teter "be tried on a variety of anti-depressants and anti-anxiety agents to see if this could alleviate some of his emotional problems and differentiate the amount of pain and distress that he is suffering from purely psychogenic reasons from the pain he is suffering from authentic pathological anatomy." *Id.* In sum, all of the above reports recognize a psychological component which amplifies Teter's pain, and none of them dismisses this element as not genuine.

██ In addition, the record contains reports by Dr. Bronitsky, an orthopedic surgeon, and Dr. Glover, a psychiatrist and neurologist, both of whom examined Teter and found him completely disabled. We cannot agree with the ALJ's summary rejection of these reports as based on inadequate findings when they are comparable to those reports the ALJ found sufficiently detailed. Moreover, the record shows that Teter was hospitalized complaining of back pain three times shortly after his injury in 1981, and that he twice sought treatment for his alcoholism at a detoxification center. The record also reveals his addiction to painkillers as well as alcohol. All of this evidence demonstrates that Teter's pain was genuine. The ALJ appeared to rely to some extent on Teter's demeanor at the hearing in assessing the credibility of his pain allegations. However, where, as here, the uncontroverted record evidence corroborated Teter's pain as genuine, albeit partly psychological, the ALJ may not reject Teter's assertions on the basis of demeanor alone. *See Harris v. Heckler,* 756 F.2d 431, 436 (6th Cir.1985).

██ In sum, the ALJ's determination that Teter's pain did not prevent him from performing a full range of sedentary work

---

1. Somatization is "the conversion of anxiety into a physical disorder or physical symptoms." 3 J. Schmidt, Attorneys' Dictionary of Medicine S–116–17 (1985).

is not supported by substantial evidence. Indeed, the only reasonable conclusion to be drawn from this record is that Teter is completely disabled by his pain.

 We must next address the Secretary's argument on appeal that Teter is not eligible for disability benefits because he has not undergone surgery. The pertinent regulation states that benefits will be denied a claimant who fails without good reason to follow treatment prescribed by his phyician if it can restore his ability to work. *See* 20 C.F.R. § 404.1530 (1985). Courts reviewing whether a claimant's failure to undertake treatment will preclude the recovery of disability benefits have considered four elements, each of which must be supported by substantial evidence: (1) the treatment at issue should be expected to restore the claimant's ability to work; (2) the treatment must have been *prescribed;* (3) the treatment must have been refused; (4) the refusal must have been without justifiable excuse. *See, e.g., Jones v. Heckler,* 702 F.2d 950, 953 (11th Cir. 1983); *Cassiday v. Schweiker,* 663 F.2d 745, 749 (7th Cir.1981); *Schena v. Secretary,* 635 F.2d 15, 19 (1st Cir.1980).

■ In this case the evidence reflects that Teter would remain thirty to forty percent disabled after surgery. Moreover, Dr. Grover cautioned that the advisability of surgery would depend upon the recommendation of Teter's psychologist because Teter's mental condition would play a role in his recovery. Both Dr. Glover and Dr. Bronitsky recommended that Teter undergo further testing and evaluation prior to a decision on surgery. At most, the record supports a finding that surgery was recommended, but not prescribed. Recommendations, suggestions, and abstract opinions are not enough. *See Cassiday,* 663 F.2d at 749; *see also Jones,* 702 F.2d at 953–54. The record also reveals that, although Teter was initially opposed to surgery, he had become receptive to the idea by the time of his 1982 hearing but could not afford the estimated $8,000 to $10,000 it would cost. We do not believe Teter's failure to undergo surgery in these circumstances consti-

tutes an unjustified refusal. Accordingly, we conclude that Teter is not precluded from recovering disability benefits on this ground.

The judgment of the district court is reversed and the case is remanded to the Secretary with directions to award Teter disability benefits as of August 21, 1981. *See Knipe v. Heckler,* 755 F.2d 141, 149 & n. 18 (10th Cir.1985).

Reversed and remanded.