962 F.2d 17
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Christina JAMES, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-7075.
 United States Court of Appeals, Tenth Circuit.
 April 30, 1992.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and KANE,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 KANE, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff Christina James appeals from an order of the district court affirming the Secretary's decision to deny her application for social security disability benefits. We affirm.
 
 
 6
 In her application for benefits, James alleged that she was disabled due to hypertension, kidney problems, probable back cancer, and emotional problems.[1] At a hearing before the administrative law judge (ALJ), James alleged that she also had diabetes and arthritic problems with her hands, elbows, knees, and ankles. The ALJ found that James was not disabled at step four[2] because she could return to her past relevant work.
 
 
 7
 On appeal, James argues that the ALJ's determination was not based on substantial evidence. In particular, she objects to the ALJ's findings numbers six and seven.[3] James states she was ineffectively represented by a paralegal and, therefore, under Dixon v. Heckler, 811 F.2d 506 (10th Cir.1987), the ALJ was required to develop James' case for her. James argues that the ALJ did not fulfill this duty because he did not ask questions regarding her daily activities and medications beyond those asked by the paralegal. Finally, James argues that the record was not properly developed regarding her complaints of pain.
 
 
 8
 "Our review of social security administration cases is usually quite limited. 'The Secretary's decision must be sustained if supported by substantial evidence. The reviewing court does not weigh the evidence and may not substitute its discretion for that of the agency.' " Sorenson v. Bowen, 888 F.2d 706, 710-11 (10th Cir.1989) (quoting Cagle v. Califano, 638 F.2d 219, 220 (10th Cir.1981) (citations omitted)). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 9
 James is now forty-nine years old. She has a ninth grade education and has obtained her GED and completed vocational training as a medication aide. She has worked both as a nurse's aide and a medication aide. James alleges disability since 1984.
 
 
 10
 The record shows that James has the following impairments: (1) hypertension; (2) diabetes; (3) reflux esophagitis; (4) degenerative arthritis; and (5) back pain. James' hypertension has been successfully treated with medication, and there is no medical evidence of any end organ damage. James' diabetes has also apparently been treated successfully with diet only without any resulting disability. Therefore, these impairments cannot be the basis for any finding of disability.
 
 
 11
 The symptoms James experiences associated with reflux esophagitis are relieved when she adheres to the prescribed course of treatment. The record shows James does not follow the prescribed medication regime, apparently due both to side effects she actually experiences and those she fears she will experience.
 
 
 12
 Social Security regulations provide that claimants who fail, without good reason, to follow prescribed treatment will be denied benefits if it appears the treatment can restore the claimant's ability to work. 20 C.F.R. §§ 404.1530, 416.930;[4] see also Teter v. Heckler, 775 F.2d 1104, 1107 (10th Cir.1985). James' symptoms can be relieved. Her failure to follow the prescribed treatment cannot be excused.[5] Further, even untreated, nothing in the record indicates that this impairment is disabling. Therefore, the ALJ correctly found that James is not disabled on the basis of this impairment.
 
 
 13
 Degenerative arthritis is manifested mainly in James' hands by joint stiffness for two hours in the morning and episodic joint pain, swelling, and redness in various joints. Medical evidence shows that disease manifestations are mild with minimal impairment only in her hands. The ALJ determined that this impairment was not disabling but did consider it in finding number six where he held that James could not perform jobs requiring fine dexterity.
 
 
 14
 James argues that her impairments, in combination with the pain she experiences, are disabling. Both reflux esophagitis and degenerative arthritis can be expected to produce pain, and both have been identified as possible causes of James' back pain. See Luna v. Bowen, 834 F.2d 161, 164 (10th Cir.1987) (claimant must produce objective medical evidence showing an impairment " 'which could reasonably be expected to produce the pain ... alleged' ") (quoting 42 U.S.C. § 423(d)(5)(A)).
 
 
 15
 The ALJ found that James' testimony regarding the severity of her pain was not credible. "[W]e generally treat credibility determinations made by an ALJ as binding upon review." Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988). Our review of the record supports the ALJ's determination of credibility. Notes by various physicians indicate that James' complaints of pain appear to be intensified by her somatization and hypochondria. While these reports might, in some instances, support a finding of disability, none contains any indication that James' pain is of such severity as to be disabling. In fact, the record contains no indication by any physician that James is disabled for any reason.
 
 
 16
 While James does experience pain, an inability to work pain-free is not a sufficient reason to hold that she is disabled. Id. No evidence in the record supports a finding that James could not return to her past relevant work.
 
 
 17
 James argues that the ALJ did not fulfill his duty of inquiry. James appears to argue that the ALJ was required to further examine her in order to obtain sufficient evidence to find her disabled. The ALJ gave James every opportunity to offer further statements regarding her condition. Further, the burden of proof remained on James to prove that she was disabled. See Williams, 844 F.2d at 751 n. 2. James offered no objective evidence supporting her position that she could not return to her previous work. Indeed, no physician opined that James was disabled in any manner. Because the ALJ determined that James was not entirely credible, additional subjective testimony would not have helped her meet her burden. The ALJ proceeded properly.
 
 
 18
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 There is no evidence in the record that James has kidney problems or cancer nor does she argue that these impairments should be considered in determining whether she is disabled
 
 
 [2]
 For an explanation of the steps through which the Secretary must proceed in making its determination of disability, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)
 
 
 [3]
 These findings state as follows:
 
 
 [6]
 The claimant has the residual functional capacity to perform the exertional and nonexertional requirements of basic work activity except for lifting and carrying more than 50 pounds maximum and more than 25 pounds frequently. She is unable to perform types of work requiring very fine dexterity. The testimony and statements of impairments and pain of such severity to preclude any substantial gainful activity are unsupported by the medical evidence and are not credible
 
 
 [7]
 The claimant's past relevant work as a medication aide and nurse's aide, as performed in the national economy, do not require the performance of the activities precluded by the above limitations. Appellant's App., Vol. II, p. 35, Decision of ALJ, August 28, 1989
 
 
 [4]
 Acceptable reasons for failure to follow prescribed treatment include: (1) the recommended treatment is contrary to the established tenets and teachings of the claimant's religion; (2) the treatment involves cataract surgery for one eye when there is already a significant impairment of vision in the other eye which is not subject to improvement through treatment; (3) the recommended treatment involves surgery which has previously been performed with unsuccessful results; (4) the treatment is very risky; or (5) the treatment involves amputation of an extremity or a major part of an extremity. 20 C.F.R. § 404.1530(c). None of these factors apply here
 
 
 [5]
 Disability benefits will be denied if a prescribed treatment is expected to restore a claimant's ability to work and the treatment was refused without justifiable excuse, as supported by substantial evidence. Teter, 775 F.2d at 1107