977 F.2d 595
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Linda HAYMAN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 92-5063.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Claimant-appellant Linda Hayman appeals the district court's order affirming the Secretary's denial of Social Security disability benefits. The two issues presented by this appeal are whether the administrative law judge (ALJ) improperly considered claimant's complaints of disabling pain and whether the record contained substantial evidence to support the ALJ's denial of benefits. Upon consideration of the record and the parties' briefs, we affirm.
 
 
 2
 Claimant applied for benefits, in December 1988, asserting that she had been disabled since July 1988 due to back problems caused by degenerative disc disease. Considering the five-step sequential analysis applicable to claims for disability benefits, see 20 C.F.R. § 404.1520; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988), the ALJ determined claimant was not disabled because she retained the residual functional capacity to perform her past relevant sedentary work. The Appeals Council declined to review that decision, making the ALJ's determination the final decision of the Secretary. The district court affirmed the denial of benefits and claimant appeals.
 
 
 3
 "This court reviews the Secretary's decision to determine only whether his findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making his decision." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). Substantial evidence is such evidence "as a reasonable mind might accept as adequate to support a conclusion." Id. We will not reweigh the evidence or substitute our judgment for that of the Secretary. Id.
 
 
 4
 Claimant established, through objective medical evidence, that she suffered from a pain-producing impairment, degenerative disc disease, and that a nexus existed between that impairment and the pain alleged. See Luna v. Bowen, 834 F.2d 161, 163 (10th Cir.1987). The ALJ, therefore, was required to consider "all the evidence presented to determine whether the claimant's pain is in fact disabling." Id. Our review of the record indicates that the ALJ did properly consider all the evidence and concluded that claimant's complaints of disabling pain were not credible. We will defer to the ALJ's credibility determination. Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988).
 
 
 5
 Claimant also argues that the ALJ improperly relied upon claimant's demeanor during the evidentiary hearing to discredit her complaints of disabling pain. The ALJ may not rely solely upon a claimant's demeanor to reject complaints of disabling pain. See Teter v. Heckler, 775 F.2d 1104, 1106 (10th Cir.1985). In this case, however, the ALJ properly considered claimant's demeanor, along with all the other evidence presented, in determining that claimant's complaints of disabling pain were not credible. See Cline v. Sullivan, 939 F.2d 560, 567-68 (8th Cir.1991).
 
 
 6
 Because the record contains substantial evidence to support the ALJ's determination that claimant remained capable of performing her past relevant sedentary work, we AFFIRM the judgment of the United States District Court for the Northern District of Oklahoma affirming the denial of disability benefits.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3