48 F.3d 1233
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James C. WALTON, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Donna gShalala,
Secretary, Defendant-Appellee.
 No. 94-5142.
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1995.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY, and HENRY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 James C. Walton brought this action under 42 U.S.C. 405(g) after his applications for Social Security Disability Benefits and Supplemental Security Income Benefits were denied. The district court affirmed the administrative decision.[2] Mr. Walton appeals and we affirm.
 
 
 3
 Mr. Walton claims that he became disabled on May 9, 1990, due to a seizure disorder in combination with the side-effects from drugs he is taking. After his applications were denied initially, he requested a hearing before an administrative law judge (ALJ). The ALJ heard testimony from Mr. Walton and a vocational expert and determined that Mr. Walton was not disabled. In appealing the lower court's affirmance of the ALJ's decision, Mr. Walton contends that decision is not supported by substantial evidence, that the ALJ erred in determining disability by resort to the grids, and that the ALJ erred in posing hypothetical questions to the vocational expert.
 
 
 4
 We turn first to Mr. Walton's argument that the ALJ erred in relying upon the grids to determine that Mr. Walton is not disabled. The grids, or Medical-Vocational Guidelines, are found at 20 C.F.R. Pt. 404, Subpt. P, App. 2 (1993). They determine disability on the basis of age, education, previous work experience, and residual functional capacity (RFC). In establishing RFC categories, the grids consider only impairments resulting in exertional limitations. They therefore cannot be used conclusively when a nonexertional impairment limits a claimant's ability to perform the full range of work in a particular RFC. See Talbot v. Heckler, 814 F.2d 1456, 1460 (10th Cir.1987); Teter v. Heckler, 775 F.2d 1104, 1105 (10th Cir.1985). When nonexertional limitations are present, the grids only provide a framework for considering the extent to which such limitations further diminish the claimant's ability to work by reducing the types of jobs that the claimant would otherwise be able to perform. See Talbot, 814 F.2d at 1460; 20 C.F.R. Pt. 404, Subpt. P., App. 2, 200.00(e)(2). In assessing the extent to which a claimant's ability to work is eroded by his nonexertional impairments, the ALJ will usually need to consider a vocational expert. See Hargis V. Sullivan, 945 F.2d 1482, 1491 (10th Cir.1991); Talbot, 814 F.2d at 1461.
 
 
 5
 Here Mr. Walton's RFC is limited by the nonexertional impairments arising from his seizure disorder and the effects of his medication. It is undisputed that these impairments eliminate at a minimum jobs that involve moving machinery and heights. Accordingly, the ALJ could not properly determine whether Mr. Walton is disabled by resort to the grids alone. The ALJ's decision unfortunately does not clearly set out the process by which he evaluated the evidence relevant to Mr. Walton's claim. For example, the ALJ found that Mr. Walton was not disabled both under the grids and on the basis of the vocational expert's testimony. See rec., vol. II at 37. However, as we discuss below, the ALJ's decision based on the vocational expert is supported by substantial evidence. A remand is therefore not necessary.
 
 
 6
 Mr. Walton contends on appeal that the ALJ erred in framing the hypothetical questions he posed to the vocational expert because the questions did not accurately reflect Mr. Walton's impairments.[3] " '[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.' " Hargis, 945 F.2d at 1492 (quoting Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir.1990)). The ALJ here discounted some of Mr. Walton's symptoms on the basis of a skeptical assessment of Mr. Walton's credibility. We ordinarily defer to a factfinder's assessment of credibility when, as here, it finds support in the record. See Frey v. Bowen, 816 F.2d 508, 517 (10th Cir.1987). The ALJ also asked the vocational expert, who had studied the record and listened to Mr. Walton's testimony, to assume that Mr. Walton's description of his restrictions and limitations was fully credible. Even making this assumption, the expert nonetheless stated that a significant number of jobs existed in the state which Mr. Walton could perform. Thus, the expert's testimony, which viewed the evidence most favorably to Mr. Walton, constitutes substantial evidence supporting the ALJ's determination that Mr. Walton was not disabled.
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court decision was entered by a magistrate judge upon agreement of the parties
 
 
 [3]
 Mr. Walton also contends the ALJ erroneously asked the vocational expert to assume that Mr. Walton could perform sedentary, light, or medium work, thereby assuming the answer to the question. See Appellant's Brief at 23-24. We disagree. In fact, the expert was asked to assume Mr. Walton had the physical capacity to perform such work but had certain nonexertional limitations which the expert was asked to take into consideration. Rec., vol. II at 84-85