70 F.3d 1282
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Vickie L. FOSTER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-7049.
 United States Court of Appeals, Tenth Circuit.
 Nov. 24, 1995.
 
 1
 Before TACHA and BARRETT, Circuit Judges, and BROWN,*** Senior District Judge.
 
 ORDER AND JUDGMENT[2]
 
 2
 BROWN, Senior District Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Plaintiff appeals the district court's affirmance of the Secretary's denial of plaintiff's application for supplemental security income (SSI) benefits. Plaintiff filed her application for benefits in December 1991. She alleged disability from back and neck pain, resulting from injuries she sustained in an automobile accident in 1979, at the age of fifteen. The Administrative Law Judge (ALJ) determined, at step five of the sequential analysis,[3] see 20 C.F.R. 416.920, that plaintiff could perform a full range of sedentary work and, therefore, was not disabled, pursuant to the Medical-Vocational Guidelines, id. Pt. 404, Subpt. P, App. 2, Table 2, Rule 201.24.
 
 
 5
 "We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir.1994). We must examine the record closely to determine whether substantial evidence supports the Secretary's decision. Id. The Secretary's failure to apply the correct legal standards, or to show us that she has done so, is grounds for reversal. Id.
 
 
 6
 Plaintiff raises two challenges to the Secretary's determination on appeal. First, she contends that the ALJ committed legal error when he considered posthearing evidence without giving plaintiff an opportunity to cross-examine the witness. Specifically, plaintiff maintains that after the hearing, the ALJ sent plaintiff's then counsel a letter stating that he had received a report from Dr. Gordon, a consulting psychiatrist, which he intended to make part of the record. The ALJ's letter offered counsel an opportunity to submit written comment on the report, but allegedly "totally failed to mention the right of cross-examination with respect to Dr. Gordon's posthearing report." Appellant's Br. at xv-xvi.
 
 
 7
 Plaintiff argues that this alleged failure "violated her right to due process of law and the agency's own guidelines." Id. at xvi. In support of her argument, plaintiff cites page 311 of the record, which is a copy of the ALJ's letter. The first paragraph of that letter does, indeed, give plaintiff the right to submit written interrogatories concerning the report. The paragraph then concludes with the following: "If you feel that a personal cross-examination is more appropriate than interrogatories, then within 10 days from the date of this letter, so advise me and I will schedule a supplemental hearing." Appellant's App., Vol. II at 311.
 
 
 8
 In light of the foregoing, plaintiff's argument that the ALJ failed to give her the opportunity to cross-examine Dr. Gordon and, thereby, violated her rights, is both factually and legally frivolous. Not only did the ALJ explicitly give plaintiff the opportunity for cross-examination, but plaintiff's failure to exercise her right to do so constituted a waiver of that right. See Glass v. Shalala, 43 F.3d 1392, 1396 (10th Cir.1994). Although we have the power to sanction plaintiff's counsel for pursuing this frivolous argument on appeal, see Fed. R.App. P. 38, because the Secretary has not asked for sanctions, we will not spend any more time on this matter by issuing counsel a show cause order. Instead, we will admonish counsel to read the record more closely in the future and to refrain from wasting the Secretary's and the court's time by raising frivolous arguments.
 
 
 9
 We turn, then to plaintiff's second challenge to the Secretary's decision, which is that the decision is not supported by substantial evidence. Specifically, plaintiff contends that her own testimony and the opinion of Dr. Haroon, who examined plaintiff at the request of the Secretary, show that she cannot do a full range of sedentary work.
 
 
 10
 In his opinion, the ALJ gave numerous reasons for discounting the testimony of plaintiff about the extent of her pain and its effect on her ability to perform work-like activities. An ALJ's credibility determinations are "generally considered binding on the reviewing court." Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir.1983). We have considered plaintiff's various challenges to the ALJ's credibility determination and find them generally unpersuasive.
 
 
 11
 We do agree, however, with plaintiff's objection to the ALJ's statement that, if she were to work, she could afford the medication and physical therapy recommended by Dr. Haroon. See Appellant's App., Vol. II at 38. We have recognized that a claimant's inability to afford medical care, including prescription medication, may justify the claimant's failure to pursue recommended treatment. Teter v. Heckler, 775 F.2d 1104, 1107 (10th Cir.1985); see also Lovelace v. Bowen, 813 F.2d 55, 59 (5th Cir.1987). The Secretary may not reject a claimant's contention that she has not followed recommended treatment because of her indigency on the ground that the claimant would not be indigent were she to work. Such circular reasoning has the potential of denying deserving claimants benefits based solely on their indigency. Because the ALJ's credibility determination, here, was otherwise supported by substantial evidence, his passing comment that plaintiff could afford medication and physical therapy if she were to work was, at most, harmless error.
 
 
 12
 Plaintiff also challenges the ALJ's rejection of Dr. Haroon's opinion as to her ability to perform work-like activity. The ALJ rejected this portion of Dr. Haroon's report because it appeared to be based largely on plaintiff's subjective complaints of pain, which the ALJ had already rejected, rather than on Dr. Haroon's objective findings on examination. As we previously noted, Dr. Haroon was only a consulting physician, not a treating physician. Even the opinion of a treating physician, which is ordinarily entitled to greater weight than that of a consulting physician, Broadbent, 698 F.2d at 412, may be rejected, if it is not supported by specific findings, Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir.1994). The ALJ stated his reason for discounting Dr. Haroon's opinion about plaintiff's ability to work, and that reason is supported by substantial evidence in the record. Under the circumstances, we find no error.
 
 
 13
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 ***
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [3]
 Because plaintiff had never engaged in any substantial gainful activity, the ALJ determined, at step four, that she had no past relevant work