83 F.3d 431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thelma M. HALE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-4064.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1996.
 
 ORDER AND JUDGMENT[2]
 Before KELLY and BARRETT, Circuit Judges, and BROWN,*** Senior District Judge.
 BROWN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Thelma M. Hale appeals the district court's judgment affirming the final decision of the Secretary of Health and Human Services denying her application for disability insurance benefits and supplemental security income benefits. We exercise jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291, and we affirm.
 
 
 3
 Plaintiff applied for benefits in February 1992, alleging uncontrolled epileptic seizures. She has suffered seizures since 1959, and she asserts that her inability to work began in October 1988. She testified at her hearing that her seizures generally occur every two months but can be as frequent as every three weeks. Appellant App. at 42, 55.
 
 
 4
 To control the seizures, plaintiff's physicians have, over the years, prescribed several anticonvulsant medications. Plaintiff admits that she has not followed her physicians' treatment plans because she doesn't like how the medications make her feel. Id. at 42-43. She also admits she has not discussed these complaints with her doctors, and stopped taking her prescribed medications without their agreement. Id. at 67-69.
 
 
 5
 Following a hearing, the administrative law judge (ALJ) found that plaintiff was not engaged in substantial gainful employment and had severe impairments, but her impairments did not meet or equal a listed impairment. The ALJ found, at step four, that she was not disabled because she could perform her past relevant work as a secretary or lead secretary/assistant manager. See 20 C.F.R. 404.1520, 416.920; Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(discussing the five steps in detail). The ALJ also alluded to the numerous medical reports that plaintiff was not taking her anticonvulsant medications and was not following recommended treatment. When the Appeals Council denied review, the ALJ's decision became the Secretary's final decision.
 
 
 6
 Our review is limited to determining whether the factual findings are supported by substantial evidence and whether the Secretary applied the correct legal standards. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir.1995). Plaintiff contends the ALJ erred in finding that she did not meet a listed impairment and could perform her past relevant work.
 
 
 7
 Benefits will be denied a claimant who fails without good cause to follow treatment prescribed by her physician if it can restore her ability to work. 20 C.F.R. 404.1530(a)-(b), 416.930(a)-(b); Teter v. Heckler, 775 F.2d 1104, 1107 (10th Cir.1985). This court has explained that four elements must be met before denying benefits for failure to follow prescribed treatment: "(1) the treatment at issue should be expected to restore the claimant's ability to work; (2) the treatment must have been prescribed; (3) the treatment must have been refused; (4) the refusal must have been without justifiable excuse." Teter, 775 F.2d at 1107.
 
 
 8
 Applying these factors, there is ample evidence in the record to support a denial of benefits because of plaintiff's noncompliance with her prescribed treatment. An individual who claims that she is disabled by an epileptic condition must prove that she is complying with a treatment regimen.
 
 
 9
 As a result of modern treatment which is widely available, only a small percentage of epileptics, who are under appropriate treatment, are precluded from engaging in substantial gainful activity (SGA). Situations where the seizures are not under good control are usually due to the individual's noncompliance with the prescribed treatment rather than the ineffectiveness of the treatment itself.
 
 
 10
 Social Security Ruling 87-6, [1983-1991 Rulings] Soc. Sec. Rep. Serv. (West) 506 (1992). If frequent seizures are occurring "despite anticonvulsant therapy," a person claiming to be disabled by epileptic seizures cannot be found disabled without "detailed information ... [that] establish[es] whether the seizures are due to factors beyond the individual's control or to noncompliance with prescribed therapy." Id. at 507; see also Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir.1990)(finding substantial evidence that a seizure condition poorly controlled due to noncompliance with a treatment regimen was not a disability). Accordingly, it can be presumed that the prescribed seizure medication would restore plaintiff's ability to work.
 
 
 11
 Plaintiff failed to present any evidence that her failure to follow the prescribed medications was justified. She was given an opportunity to fully express her specific reasons for not following the prescribed treatment. See Social Security Ruling 82-59, [1975-1982 Rulings] Soc. Sec. Rep. Serv. (West) 793, 794 (1983). The medical evidence indicates she had never complained of any adverse side effects to her treating physicians. Contrary to her present assertion, there is no evidence in the record that she was unable to afford the medications prescribed to her, nor is there evidence her physicians give her differing advice. Although some physicians prescribed different types of anticonvulsant medications, none recommended she stop taking medications.
 
 
 12
 Contrary to her contention, plaintiff did not meet the listed impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 11.02 or 11.03 (Epilepsy), which require an individual to have been on at least three months of prescribed treatment. Because there is substantial evidence supporting a denial of benefits under 20 C.F.R. 404.1530, 416.930 based on plaintiff's unjustified failure to follow her treatment plan, we need not address her remaining contentions.
 
 
 13
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 Entered for the Court
 Wesley E. Brown Senior District Judge
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 ***
 Honorable Wesleyn E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation