**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 1 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

USHA KATARIA,

      Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 97-5050
(D.C. No. 95-CV-730)
(N.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner of Social Security, is substituted for Shirley S. Chater, Commissioner of Social Security, as the defendant in this action.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Usha Kataria appeals from an order of the district court affirming the final decision of the Commissioner of Social Security denying her application for supplemental security income benefits. We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. See Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). The Commissioner's factual findings are conclusive when supported by substantial evidence, see 42 U.S.C. § 405(g), which is adequate relevant evidence that a reasonable mind might accept to support a conclusion, see Richardson v. Perales, 402 U.S. 389, 401 (1971).

In her application for benefits filed in March 1993, claimant contended that she was disabled due to a variety of ailments including bone spurs in her heels, goiter, hypertension and ulcer disease. Subsequently she was diagnosed as having diabetes. Relying on the opinion of a medical expert who had reviewed claimant's medical records, the administrative law judge (ALJ) concluded that the goiter, hypertension, ulcer disease and diabetes were adequately controlled through medication and thus were not severe impairments. He found her bone spurs to be severe impairments, but also found they did not prevent her from performing the full range of sedentary work. Because claimant had no past relevant work, the case proceeded to step five of the five-part sequential process for determining disability. See 20 C.F.R. § 416.920. Relying on the Medical-

Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2, the ALJ determined that claimant was not disabled and denied her application for benefits. The Appeals Council denied review, making the ALJ's determination the final decision of the Commissioner.

On appeal, claimant contends that the ALJ's finding that her goiter, hypertension, ulcer disease, and diabetes were not severe impairments because they were well controlled with medication is not supported by substantial evidence because the ALJ failed to consider the fact that claimant could not afford and therefore was not taking the medication necessary to control these ailments. She further contends that because this case reached step five, the burden was on the Commissioner to show that the impairments were adequately controlled.

Ordinarily, a claimant cannot be found disabled when her impairment can be controlled through medical treatment and she unjustifiably refuses to undergo that treatment. See 20 C.F.R. § 416.930; Teter v. Heckler, 775 F.2d 1104, 1107 (10th Cir. 1985). Claimant does not question the ALJ's conclusion that her impairments can be readily controlled through use of prescribed medications. She contends instead that (1) she did not take the medications, and (2) the reason she did not take them was because she could not afford them, which may be a justifiable excuse, see id.

There is evidence in the record that claimant was at least delayed in obtaining, and maybe never did obtain, certain medical procedures, such as X-rays and a thyroid scan that apparently were not available from free clinics. However, there is no medical evidence that she could not or did not obtain prescribed medications or that her condition deteriorated or was not controlled because of a failure to take prescribed medications. It is clear that at least until October 1993, nine months prior to her hearing before the ALJ, she was taking her prescribed medications. See Appellant's App. Vol. II at 129 (claimant's statement listing medications she was then taking, including zantac for her ulcer, hyydrochlorathizide for hypertension, and synthroid for her goiter). She apparently obtained these medications from the Morton Clinic, which claimant describes as a clinic for the homeless that apparently provides, at no cost, medications and certain medical services. See, e.g, Appellant's Br. at 4-5 (describing numerous doctor visits to Morton and Neighbor for Neighbor clinics and noting that "Ms. Kataria returned each month [to the Morton Clinic] for her medication").

There is some evidence indicating that at some point claimant may have been unable to obtain her medications and was not taking them. At her hearing before the ALJ on July 1, 1994, claimant stated that the doctor had given her medicine for her thyroid problem, but that it did not help much. Appellant's App.

Vol. II at 40.  Later, in response to a question from her representative concerning why she needed benefits, she stated:

> I don't have money to pay the bills.  I don't have any doctor.  My sickness, my disease, this thyroid problem, knee pain, I just need some medicine, some medication, some treatment.  I can not go to any doctor, they always refuse to do my treatment.

Id. at 56-57.  There were no followup questions or other discussion at the hearing concerning claimant's failure to take and/or inability to obtain her prescribed medications.  The only other indication in the record that she might not be taking her medications is a January 1995 notation in the records from the Neighbor for Neighbor Clinic, where claimant went for treatment for her diabetes, stating that the University of Oklahoma Adult Medicine Clinic "turned pt over to collections-- so pt. discontinued treatment & has not been going any where for care since then."  Id. at 236.  However, claimant apparently obtained medication for her diabetes from the Neighbor for Neighbor Clinic "to last until Morton appt."  Id. at 235.

The ALJ found that

> [t]he claimant has medically-determinable impairments of hypothyroidism and goiter, hypertension, ulcer disease, and diabetes, but the medical evidence shows that these conditions are well controlled with medication.  The Administrative Law Judge finds that these impairments are not severe and would no more than minimally affect her ability to engage in substantial gainful activity.

Id. at 14. The ALJ did not address whether claimant was continuing to take her medications, nor whether she failed to take them because she could not afford them.

The evidence is at best inconclusive whether claimant in fact failed to take her prescribed medications, and whether if she did not take them, it was because she could not afford them, particularly in light of their apparent availability from free clinics. We disagree with claimant's contention that the absence of evidence from October 1993 to January 1995 showing that she did take her medications necessarily means that she did not take them, that the reason she did not take them was because of her poverty, or even that she continued to experience symptoms. Moreover, her contention that the lack of treatment for her thyroid disorder caused her diabetes is not supported by any medical evidence. We conclude that the ALJ did not commit reversible error in finding that claimant's goiter, hypertension, ulcer disease and diabetes were well controlled by medications.

AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge