**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 17 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RICKY D. TEETS,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

      Defendant-Appellee.

No. 97-5031
(D.C. No. 95-CV-791)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before KELLY, McKAY, and BRISCOE, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]      Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
Shirley S. Chater, former Commissioner of the Social Security Administration,
as the defendant-appellee in this action.

[**]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff appeals from an order of the magistrate judge[1] affirming the denial of social security disability insurance and supplemental security income benefits. After determining that, despite severe diabetes mellitus with cataracts, ocular hemorrhages, and early renal failure, plaintiff retained the residual functional capacity to perform light work not requiring fine vision, the administrative law judge concluded that plaintiff could perform several jobs identified by a vocational expert and, thus, found him not disabled at step five of the controlling sequential analysis.  See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988).  We review this decision to determine whether the operative findings rest on substantial evidence and correct legal standards were applied. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).  Plaintiff contends the ALJ failed to consider, and include in the dispositive hypothetical inquiry to the vocational expert, significant nonexertional impairments associated with his condition.  We agree and, accordingly, reverse and remand for further administrative proceedings.

---

[1]     Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to proceed before the magistrate judge.  Accordingly, our jurisdiction arises under § 636(c)(3) and 28 U.S.C. § 1291.

Plaintiff's diabetes is only poorly controlled through medication. This fact is reflected by numerous hospitalizations and end organ damage, and expressly confirmed by plaintiff's treating physician. See Appellant's App. at 287, 288. Plaintiff explained the practical, everyday consequences of this instability at the hearing, where he described frequent episodes of weakness, disorientation, dizziness, vomiting, dehydration, etc., caused by aberrant blood sugar levels. See id. at 48-51, 53-54, 61-62. His testimony is supported by the medical record, see, e.g., id. at 319 (noting "multiple admissions for complications of diabetes," including "recurrent history of nausea, vomiting, hematemesis, and . . . gastroenteropathy"), and buttressed by plaintiff's history of sporadic, transitory employment repeatedly lost due to illness-related unreliability and absence, see id. at 37-38, 42-44, 135. His treating physician and his vocational rehabilitation counselor agree he is not employable. See id. at 287, 420.

Focusing instead on plaintiff's visual impairment, the ALJ overlooked this critical dimension of plaintiff's disease. As a result, he gave no reasons for rejecting the treating physician's opinion, which he never acknowledged. This alone is serious error. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289-90 & n.2 (10th Cir. 1995) (failure to "give specific, legitimate reasons for disregarding the treating physician's opinion" held "a miscarriage of justice" warranting reversal); see also Miller v. Chater, 99 F.3d

972, 976 (10th Cir. 1996). The ALJ also ignored plaintiff's testimony regarding the adverse effect of his uncontrolled diabetes on basic activities. The catch-all, conclusory statement that "claimant's complaints are not consistent with the medical evidence nor the record as a whole," Appellant's App. at 21, is a plainly inadequate basis for discrediting plaintiff's testimony. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) ("[F]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.") (quotation omitted). Indeed, this testimony appears, rather, to be corroborated by the medical record, the treating physician's findings, plaintiff's work history, and the judgment of his vocational counselor.

The significance of these errors is evident from the vocational expert's testimony. In response to the ALJ's initial hypothetical inquiry, which omitted any reference to problems associated with plaintiff's poorly controlled condition, the expert identified several potential occupations. See Appellant's App. at 66-68. But, when the hypothetical was augmented with a reference to such problems, the expert indicated plaintiff was unemployable. See id. at 68-70. As only an answer to an accurate and complete inquiry controls, the expert's testimony cannot, at least at this point, substantiate a finding of nondisability. See Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995).

The analytical errors noted herein are predominately those of omission. We cannot rule out the possibility that a finding of nondisability could properly be made, perhaps on the basis of additional evidence.[2]  And, in any event, given the progressive nature of plaintiff's disease, a particular disability onset date is not immediately evident.  This is especially significant with respect to the matter of disability insurance benefits, for which plaintiff's eligibility ceased after June 1986.  In light of such uncertainties, we deem a remand for further proceedings appropriate.  Cf. Evans, 55 F.3d at 532.

The judgment of the United States Magistrate Judge is REVERSED and the cause is REMANDED with instructions to remand, in turn, to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[2]  The ALJ chided plaintiff at one point for being "repeatedly noncompliant with diet, exercise, and medication," Appellant's App. at 18, but then never returned to the matter.  While, as it stands, this incidental criticism would be grossly deficient--substantively and procedurally--as a basis for denying benefits under the rubric of "failure to follow prescribed treatment," see Social Security Ruling 82-59, 1982 WL 31384; see, e.g., Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993); Teter v. Heckler, 775 F.2d 1104, 1107 (10th Cir. 1985), it suggests a legitimate avenue of inquiry on remand.